**In re Motion to Compel Filed by Dudley M. STEELE, Jr. and Betty L. Kruger,**

**UNITED STATES of America, Plaintiff/Appellant,**

v.

**Dudley M. STEELE, Jr. and Betty L. Kruger, Defendants/Appellees.**

**No. 85–1191.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 16, 1986.

Decided Aug. 19, 1986.

Joyce Kallam McKee, Asst. U.S. Atty., Fresno, Cal., Howard P. Stewart, Fraud Section, Criminal Div., Dept. of Justice, Washington, D.C., for plaintiff/appellant.

Phillip S. Cronin, Isham, Macias, Lynch, Cronin & Rodriguez, Visalia, Cal., for Steele.

Richard Burda, Los Angeles, Cal., for Kruger.

Before SNEED, ANDERSON, and POOLE, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

The Inspector General's office of the U.S. Department of Agriculture (the government) appeals from a district court order purporting to be issued pursuant to the Freedom of Information Act (FOIA). The order permits Dudley M. Steele, Jr., (Steele) and Betty L. Kruger (Kruger) to review memoranda of their pre-grand jury statements prepared by inspectors during an investigation into allegations that Tex-Cal Land Management (TCLM) made improper applications of Farmers Home Administration (FmHA) loan monies and improperly withheld from FmHA the proceeds from sales of loan collateral. We reverse and instruct the district court to dismiss for lack of jurisdiction.

## I. FACTS

In July 1983, an investigation was initiated by the Inspector General's Office (IG) of the U.S. Department of Agriculture against TCLM. TCLM is a management company for approximately 7,000 acres of farmland planted in grapes, almonds and

kiwi fruit. The investigation was instituted to look into allegations that TCLM and its related companies made improper applications of FmHA loan monies and improperly withheld from FmHA the proceeds from sales of loan collateral. FmHA loans to TCLM totalled approximately $50 million between 1979 and 1983.

The investigation included interviews of Steele, the controlling shareholder of TCLM, and Kruger, Steele's personal secretary, as well as other TCLM and related companies' officers and employees. During the investigation, numerous documents were turned over to the IG. The IG's findings were referred to the Department of Justice, Criminal Division, Fraud Section, and a grand jury investigation was initiated. The allegations charged that loan monies received by TCLM had been improperly applied to nonfarming uses and that proceeds from the sale of loan collateral had been improperly diverted to the personal use of TCLM officers and employees.

Steele and Kruger appeared and testified before the grand jury on two separate occasions (November 8, 1984 and March 7, 1985). Steele appeared a third time on April 4, 1985. At the March 7, 1985 appearance, the federal prosecutor informed both Steele and Kruger that they were targets of the grand jury investigation. The grand jury investigation is continuing.

Steele then sent a fifteen-page letter to the federal prosecutor requesting informal discovery of copies of the memoranda prepared by federal investigators of the pre-grand jury statements made by Steele, Kruger, and other TCLM employees; transcripts of Steele's testimony before the grand jury; and the return of corporate records given to IG agents. Steele was informed by telephone that the government would not provide any of the requested documents. Steele then filed a motion for discovery to obtain the requested statements and testimony. The government filed a response and memorandum of law opposing the disclosure of any of the requested documents based on, *inter alia,* the defense that disclosure of the documents was exempt as investigatory records compiled for law enforcement purposes under 5 U.S.C. § 552(b)(7) of the FOIA.

The district court set a hearing on Steele's motion. Prior to that hearing, Kruger filed a motion *in pro per* requesting copies of the memoranda prepared by federal investigators of her pre-grand jury statements and for transcripts of her grand jury testimony. At the hearing on the motion to disclose, Steele filed a rebuttal brief in reply to the government's FOIA exemption defense claiming that disclosure was required because the government failed to meet its burden of proof that the documents were exempt. The district court gave a preliminary indication that the government had not sustained its burden of proof that the exemption to disclose applied. The federal prosecutor argued that Steele and Kruger had not exhausted their administrative remedies. Specifically, he argued that they had failed to seek disclosure of their pre-grand jury statements under the FOIA from the Department of Agriculture, and had it been denied at that level, to seek review of that denial in district court. Steele and Kruger replied in turn that they had already requested the material, had been refused, and therefore the futility exception to the exhaustion doctrine was applicable.

The district court ordered the government to disclose to Steele and Kruger his or her own grand jury testimony prior to any subsequent grand jury appearance. The government does not appeal this portion of the order. The district court further ordered the government to allow Steele and Kruger to review, immediately prior to any future scheduled grand jury appearance, memoranda of their pre-grand jury interviews made during the IG investigation. The district court based its order on the FOIA and the dissenting views of Judge Tate in *Linsteadt v. IRS,* 729 F.2d 998 (5th Cir.1984). It held that the government had not met its burden of proof for an exemption from disclosure. In address-

ing the government's argument that neither Steele nor Kruger properly invoked the FOIA by requesting the memoranda of interviews from the IG's office, the court stated:

> "This court sees no reason to require Steele and Kruger to first comply with FOIA procedures inasmuch as opposition to production and the reasons therefor have been presented to the court in connection with these motions."

The government filed a motion for reconsideration seeking an order vacating the district court's order on the ground that the district court was without jurisdiction or authority to order disclosure pursuant to the FOIA because neither Steele nor Kruger had initiated a FOIA request and thus could not have exhausted their administrative remedies as required under the FOIA. The government's motion was denied. The government appealed to this court, but only that part of the district court's order that permits Steele and Kruger to review their pre-grand jury statements prior to any future grand jury appearance.

## II. DISCUSSION

### A. Jurisdiction of Court of Appeals

The first issue we must address is whether this court has jurisdiction to review this appeal. We find that we do. Steele and Kruger contend that the jurisdictional requirements of 18 U.S.C. § 3731 govern this appeal and that § 3731 deprives this court of jurisdiction. Because we find that we have jurisdiction under either 28 U.S.C.

§ 1291 or 28 U.S.C. § 1292(a)(1), we do not address this issue.

1. 28 U.S.C. § 1291 [1] and/or 28 U.S.C. § 1292(a)(1) [2]

■ Steele and Kruger argue that the district court's order compelling disclosure of their pre-grand jury statements is interlocutory and therefore not appealable as a final decision under 28 U.S.C. § 1291. We disagree. The District of Columbia Circuit defines a "final decision" in a FOIA case [3] as "an order by the District Court requiring release of documents by the Government to the plaintiff, or order denying the plaintiff's right to such release." *Green v. Department of Commerce,* 618 F.2d 836, 841 (D.C.Cir.1980). Thus, an order compelling disclosure is appealable as a final decision under § 1291. This court is in agreement with the D.C.Circuit. In *Theriault v. United States,* 503 F.2d 390 (9th Cir.1974), the party made a request for Air Force agency records and, upon refusal, instituted a FOIA proceeding. The party moved, under Federal Rule of Civil Procedure 34, for an order requiring production of the documents. The district court granted the motion and ordered the production of the documents. The government appealed. This court held that Rule 34 orders are ordinarily interlocutory and non-appealable under 28 U.S.C. § 1291. *Id.* at 391. "However, the ... order to produce as utilized in this [FOIA] action is in and of itself the end result of the action. The practical effect of the full force of that order is a granting of

1. **§ 1291. Final decisions of district courts**
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

2. **§ 1292. Interlocutory decisions**
 (a) The courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying,

refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court....

3. The district court issued its order compelling disclosure pursuant to the FOIA. We find below that Steele and Kruger failed to exhaust their administrative remedies under the FOIA, thereby depriving the district court of jurisdiction to issue such an order. Therefore, the order compelling disclosure was not a FOIA order. Nevertheless, because the district court treated the order as a FOIA order, the FOIA precedents cited herein are entitled to substantial weight by analogy.

the full, complete and final relief available to a complainant under the [Freedom of Information] Act. Accordingly, we conclude that the ... order is a 'final decision[s] of the District Court[s]' within the range of § 1291 and therefore appealable." *Id.*

Furthermore, in *Warth v. Department of Justice*, 595 F.2d 521 (9th Cir.1979), a FOIA case, this court noted without explanation that jurisdiction existed under 28 U.S.C. § 1291. *Id.* at 522. The appeal stemmed from the denial of a request under the FOIA for the transcript of a criminal trial. *See also Church of Scientology v. United States Department of the Army*, 611 F.2d 738, 741 (9th Cir.1979) (jurisdiction on appeal from denial of a FOIA request is based upon authority to review final order of district court pursuant to 28 U.S.C. § 1291).

Steele and Kruger argue that even if an order compelling disclosure pursuant to the FOIA is normally a final decision appealable under § 1291, the conditional nature of the order in this case renders it interlocutory and non-appealable. The district court's order permitted Steele and Kruger "to review their factual statements ... prior to the commencement of the Grand Jury investigation and none other and to make notes in connection with these statements, such review to take place immediately prior to any scheduled appearance before the Grand Jury...." On its face, the order has a condition that may never occur.[4] We find it unnecessary, however, to decide whether the order is conditional and therefore interlocutory. Even if it is, this court still has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).

■ Appellate jurisdiction exists if an order can be deemed an injunction appealable under 28 U.S.C. § 1292(a)(1), which allows appeals from "[i]nterlocutory orders ... granting, continuing, modifying, refusing or dissolving injunctions...." *Wren v.*

*Sletten Const. Co.*, 654 F.2d 529, 532 (9th Cir.1981). In other words, the courts of appeals have jurisdiction of appeals from interlocutory orders of the district court granting injunctions, pursuant to 28 U.S.C. § 1292(a)(1). *Miller v. Bell*, 661 F.2d 623, 625 (7th Cir.) (per curiam), *cert. denied*, 456 U.S. 960, 102 S.Ct. 2035, 72 L.Ed.2d 484 (1981). A disclosure order in a FOIA suit is injunctive in nature. *Id.* The order is granted pursuant to 5 U.S.C. § 552(a)(4)(B), which confers jurisdiction upon the district court, "to *enjoin* the agency from withholding agency records and to order the production of any agency records improperly held from the complainant." *Id.* (emphasis added) (quoting 5 U.S.C. § 552(a)(4)(B)). This vests the district court with all the powers of an equity court to issue injunctive relief from withholding of agency records. *Renegotiation Board v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 18, 94 S.Ct. 1028, 1037, 39 L.Ed.2d 123 (1974).

Thus, "[a] judgment in an FOIA action is either a final judgment appealable under 28 U.S.C. § 1291 or an order either granting or denying an injunction appealable under 28 U.S.C. § 1292(a)(1)." 15 Federal Procedure, L.Ed., Freedom of Information § 38:139.

**B. Jurisdiction of District Court**

The next issue we address is whether the district court had jurisdiction to issue the order compelling disclosure pursuant to the FOIA. We find it did not.

**1. Exhaustion of Administrative Remedies**

■ Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review. *Stebbins v. Nationwide Mut. Ins. Co.*, 757 F.2d 364, 366 (D.C.Cir.1985); *Hedley v. United States*, 594 F.2d 1043, 1044 (5th Cir.1979). *See United States v. United States District Court*, 717 F.2d 478, 480

---

4. Steele and Kruger argue that if we look only to the four corners of the district court's order, it is conditional because they may not be required to appear before the grand jury in the

future. In reality, however, both have again been subpoenaed to appear before the grand jury.

(9th Cir.1983) (Upon exhaustion of administrative remedies, person not satisfied with agency's response to document request may institute civil suit in district court for judicial review). The complainant must request specific information in accordance with published administrative procedures, *see* 5 U.S.C. § 552(a)(1), (2) & (3), and have the request improperly refused before that party can bring a court action under the FOIA. *See* 5 U.S.C. § 552(a)(4)(B). Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine. *Hedley,* 594 F.2d at 1044.

 It is clear that both Steele and Kruger failed to exhaust their administrative remedies. Neither of them ever made a request for their statements from the Department of Agriculture's Inspector General's office pursuant to the FOIA. The district court simply construed Steele's informal discovery letter and subsequent motion for discovery as a FOIA request. This ad hoc attempt to treat simple discovery as a request for information under the FOIA is insufficient to exhaust administrative remedies. The FOIA is not to be used as a substitute for the traditional means of discovery available to a litigant. *See Renegotiation Board,* 415 U.S. at 24, 94 S.Ct. at 1040.

The district court judge noted that Steele and Kruger had not exhausted their administrative remedies. Nevertheless, he excused such noncompliance:

> The court sees no reasons to require Steele and Kruger to first comply with FOIA procedures inasmuch as opposition to production and the reason therefor have been presented to the court in connection with these motions.

Steele and Kruger agree with the district court and argue that the futility exception to the exhaustion doctrine should apply. They contend that it would be fruitless for them to pursue their request under the FOIA as the government has made it quite clear that it will not release the requested information. From Steele's and Kruger's viewpoint, it may indeed appear futile to require them to exhaust their administrative remedies.

 However, the purposes underlying the exhaustion doctrine include the opportunity for the *agency* to exercise its discretion and expertise and the opportunity to make a record for the district court to review. *McKart v. United States,* 395 U.S. 185, 194–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969); *Stratman v. Watt,* 656 F.2d 1321, 1326 (9th Cir.1981), *cert. dismissed,* 456 U.S. 901, 102 S.Ct. 1744, 72 L.Ed.2d 170 (1982). The government argues that due to the unusual way in which the FOIA was raised and the failure of the district court to require exhaustion, the government was not afforded an adequate opportunity to establish a FOIA exemption. Therefore, the purposes underlying the exhaustion doctrine were not achieved. We agree. When an agency believes that materials sought in a FOIA suit are within an exempt category, it should be allowed to submit to the district court a detailed affidavit describing how disclosure would risk harm or seek an *in camera* review of the documents by the district court. *Hardy v. Bureau of Alcohol, Tobacco, & Firearms,* 631 F.2d 653, 657 (9th Cir.1980). Therefore, from the agency's point of view, it would not be futile to require Steele and Kruger to exhaust their administrative remedies.

Steele's and Kruger's failure to exhaust their administrative remedies deprived the district court of the authority to issue an order compelling disclosure of the requested information. We therefore REVERSE and REMAND with instructions to dismiss for lack of jurisdiction. Upon dismissal, Steele and Kruger may initiate proceedings pursuant to the FOIA or, if and when an indictment is returned, under the rules applicable to discovery in criminal proceedings. *See* Fed.R.Crim.P. 16(a).