972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony McIlvain OSTHEIMER; Mary Bacon Parke Ostheimer,
Plaintiffs-Appellants,
v.
Sheila LINDQUIST; John Rigler; Internal Revenue Service,
Defendants-Appellees.
 No. 90-35246.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony and Mary Ostheimer appeal pro se the district court's summary judgment in favor of Internal Revenue Service ("IRS") officials in their action for a writ of mandamus ordering the IRS to produce numerous documents and for an injunction restraining the collection of taxes. The district court found that it lacked jurisdiction to hear the action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 The Ostheimers wrote to the IRS on February 22, 1989 requesting numerous documents and records pertaining to their tax liability for tax years 1976 through 1987 and to the authority of IRS officials to collect taxes. In a letter dated March 8, 1989, defendant Lindquist informed the Ostheimers that she did not have authority to provide them with the majority of information requested, but could provide them with information regarding their federal tax liens and levies. On the same date, defendant Rigler informed the Ostheimers that their request was not a valid request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and provided them with detailed information on how to perfect their FOIA request. On March 21, 1989, the Ostheimers filed this action in district court seeking a writ of mandamus compelling the IRS to produce the requested documents and seeking to enjoin the IRS from collecting taxes.
 
 
 4
 * FOIA Request
 
 
 5
 The district court construed the Ostheimers' action as an action pursuant to FOIA and dismissed it for lack of jurisdiction. Before a party can seek judicial review of a FOIA request, the party must exhaust administrative remedies. United States v. Steele (In re Steele), 799 F.2d 461, 465 (9th Cir.1986). Under FOIA, a party seeking agency records must comply with the procedures set forth in regulations promulgated by that agency. 5 U.S.C. § 552(a)(1), (2) & (3). To request information from the IRS, a party must comply with Treas.Reg. §§ 601.701 and 601.702. The request must be improperly refused and appealed to the IRS before the party can seek judicial review. 5 U.S.C. § 552(4)(B); Treas.Reg. § 601.702(c)(8).
 
 
 6
 Here, the Ostheimers failed to follow the proper procedures for requesting FOIA information from the IRS, even after they were given detailed information on how to do so. See Treas.Reg. §§ 601.701, 601.702. Thus, the district court correctly determined that it lacked jurisdiction to review their FOIA request because they had failed to exhaust administrative remedies. See In re Steele, 799 F.2d at 465.
 
 II
 Section 6203
 
 7
 The Ostheimers contend that the district court erred by denying them leave to file an amended complaint. In their proposed amended complaint, they asserted that they sought information regarding their assessments pursuant to 26 U.S.C. § 6203 and that the district court had mandamus jurisdiction pursuant to 28 U.S.C. § 1361 to order the IRS to comply with their request.
 
 
 8
 We review the denial of leave to file an amended complaint for abuse of discretion. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988). Mandamus writs, as extraordinary remedies, are available only when a federal officer, employee, or agency owes a nondiscretionary duty to the plaintiff that is "so plainly prescribed as to be free from doubt." Stang v. IRS, 788 F.2d 564, 565 (9th Cir.1986) (quotations omitted). A writ of mandamus is appropriate only when the plaintiff has a clear right to relief, the defendant has a clear, ministerial duty to act, and no other adequate remedy is available. Greater Los Angeles Council on Deafness v. Baldridge, 827 F.2d 1353, 1362 (9th Cir.1987). Section 6203 sets out the method for recording an assessment against a taxpayer, and provides that, "[u]pon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of the assessment." 26 U.S.C. § 6203.
 
 
 9
 The Ostheimers contend that they sought information regarding their assessments from the IRS pursuant to section 6203. Nevertheless, the Ostheimers failed to show that they requested a copy of their assessments from the proper division of the IRS pursuant to section 6203 and that such request was denied. See 26 U.S.C. § 6203; Treas.Reg. § 301.6203-1; Hughes v. United States, 953 F.2d 531, 539 (9th Cir.1992). Thus, they failed to show that the defendant had breached a clear duty and that they had a clear right to relief. See Greater Los Angeles Council on Deafness, 827 F.2d at 1362. Given these circumstances, the Ostheimers' proposed amended complaint failed to establish a basis for mandamus jurisdiction. See Stang, 788 F.2d at 565. Accordingly, we conclude that the district court did not abuse its discretion by denying the Ostheimers leave to file an amended complaint. See Thomas-Lazear, 851 F.2d at 1206.
 
 III
 Section 7426
 
 10
 In their proposed amended complaint, the Ostheimers also asserted that the district court had jurisdiction pursuant to 26 U.S.C. § 7426. Section 7426 permits a third person who claims an interest in or lien upon property seized pursuant to a levy for a tax owed by another to bring a civil action in federal district court challenging the validity of the levy. 26 U.S.C. § 7426(a)(1). Section 7426(a) specifically excepts from the class of persons entitled to bring a wrongful levy action "the person against whom is assessed the tax out of which such levy arose." Id.; Arford v. United States, 934 F.2d 229, 231-32 (9th Cir.1991). Here, the Ostheimers are the persons against whom the tax is assessed. Thus, the district court correctly found that section 7426 did not provide it with jurisdiction to hear the Ostheimers' action. Accordingly, the district court correctly denied the Ostheimers leave to file an amended complaint. See Thomas-Lazear, 851 F.2d at 1206.
 
 IV
 Anti-Injunction Act
 
 11
 The district court found that insofar as the Ostheimers' action sought to enjoin the collection of taxes it was barred by the Anti-Injunction Act ("Act"), 26 U.S.C. § 7421(a). The Act prohibits a taxpayer from bringing a "suit for the purpose of restraining the assessment or collection of any tax...." Id. The Act is strictly enforced. See Bob Jones Univ. v. Simon, 416 U.S. 725, 736-37 (1974); Elias v. Connett, 908 F.2d 521, 523 (9th Cir.1990). The only exception to this bar is the two-prong test announced in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). Under Enochs, injunctive relief is available if the taxpayer can demonstrate that (1) under no circumstances could the government prevail, and (2) the taxpayer will be irreparably harmed if the injunction is not granted. Id.; Elias, 908 F.2d at 525.
 
 
 12
 Here, the Ostheimers failed to show that under no circumstances could the government prevail. See Elias, 908 F.2d at 525. Further, because the Ostheimers have the option of paying the assessed taxes and filing an action for refund in district court, they will not be irreparably harmed. See id. Accordingly, the district court correctly found that their claim for injunctive relief is barred by the Act.
 
 V
 Other Issues
 
 13
 The Ostheimers contend that the district court erred by denying their motion to recuse Judge Lovell for bias. We review the district court's decision not to disqualify a judge for abuse of discretion. Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987). In order to prevail on a motion to disqualify a judge, a party must file a timely and sufficient affidavit showing extrajudicial bias or prejudice. 28 U.S.C. § 144; Thomassen, 835 F.2d at 732. Here, the district court correctly found that the Ostheimers' motion to disqualify the judge was untimely, frivolous, and failed to raise any sufficient grounds showing extrajudicial bias. See Thomassen, 835 F.2d at 732.
 
 
 14
 The Ostheimers contend that the district court improperly considered matters outside the pleadings in deciding their action. The defendants' motion to dismiss was properly noticed as a motion to dismiss or in the alternative for summary judgment, and the Ostheimers had opportunity to respond and oppose the motion. Accordingly, the district court properly considered matters outside the pleadings in deciding the action. See Garaux v. Pulley, 739 F.2d 437, 439 (9th Cir.1984) (pro se plaintiff entitled to notice and opportunity to respond to summary judgment motion pursuant to Fed.R.Civ.P. 56).
 
 
 15
 Finally, the Ostheimers contend that they were entitled to default judgment because defendants failed to file an answer pursuant to Fed.R.Civ.P. 7. Defendants timely filed their motion to dismiss or in the alternative for summary judgment. See Fed.R.Civ.P. 12(a), (b). Thus, the defendants were not in default.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3