36 F.3d 1098
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas John REED, Defendant-Appellant.
 No. 94-5111.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1994.
 
 Before: KRUPANSKY, GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Thomas John Reed appeals pro se from a district court judgment that denied his motion to compel his defense counsel and the United States Attorney to forward him complete copies of their files in his criminal case. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Reed was sentenced to 24 months of imprisonment and 5 years of supervised release after pleading guilty to bank fraud, in violation of 18 U.S.C. Sec. 1344. During the pendency of his direct criminal appeal, Reed moved the district court for an order directing the prosecuting attorney and defense counsel to send him complete copies of their office files. He argued that he needed this information to prepare a pro se brief for his criminal appeal and that he was entitled to it under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. The district court denied this motion on December 15, 1993; however, the court also directed its clerk's office to send Reed copies of the indictment, plea agreement, rearraignment transcript, sentencing transcript, judgment and docket sheets from his case. The court denied Reed's motion for reconsideration on January 10, 1994, and Reed now appeals. He has filed a motion for oral argument or for additional briefing on appeal.
 
 
 3
 The district court had jurisdiction to consider Reed's motion, even though it was filed after his criminal appeal in this court. Primary jurisdiction over Reed's case was transferred to this court when he filed his criminal appeal. However, the district court retained jurisdiction to act in aid of the appeal and to rule on matters that would not affect the merits of the appeal. See Jago v. United States Dist. Court, N. Dist. of Ohio, 570 F.2d 618, 622 (6th Cir.1978).
 
 
 4
 The court's ruling on Reed's motion was also proper. The documents that Reed requested were attorney work product insofar as they were not part of the district court's record. See Norwood v. Federal Aviation Admin., 993 F.2d 570, 576 (6th Cir.1993). Reed has not suggested any issue for appeal that would require an examination of documents beyond the official record. Moreover, such issues are not a proper subject for direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).
 
 
 5
 The district court also properly determined that Reed was not entitled to relief because he did not demonstrate exhaustion of his administrative remedies under the FOIA. See In re Steele, 799 F.2d 461, 465-66 (9th Cir.1986). It is also doubtful that the documents that he seeks from the prosecution are subject to the FOIA. See 5 U.S.C. Sec. 552(b)(5); Norwood, 993 F.2d at 576. Moreover, it does not appear that Reed's defense counsel was an agency within the meaning of the FOIA. See Forsham v. Harris, 445 U.S. 169, 178-82 (1980).
 
 
 6
 Reed now argues that he needs the disputed materials to have access to the courts. We will not reach this claim because it was not clearly presented to the district court. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991).
 
 
 7
 Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.