127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alexander TEPLITSKY, Plaintiff-Appellant,
v.
DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 96-36208.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Filed October 24, 1997.
 
 Appeal from the United States District Court for the Western District of Washington CAROLYN R. DIMMICK, District Judge, Presiding.
 Before THOMPSON, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Alexander Teplitsky appeals pro se the district court's summary judgment in favor of the United States Department of Justice ["DOJ"] in his action under the Civil Rights Act (42 U.S.C. § 1983) and the Freedom of Information Act ["FOIA"] (5 U.S.C. § 552a) alleging that he has been continuously victimized and abused by the Federal Bureau of Investigation ["FBI"]. He seeks monetary damages, an injunction prohibiting FBI harassment, and an order directing the FBI to release his records. We affirm.
 
 
 3
 Teplitsky contends that the district court erred by dismissing his Civil Rights Act claims against the DOJ. The district court properly analyzed Teplitsky's claims under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), because the DOJ is a federal. agency. A Bivens action cannot be maintained against a federal agency. See FDIC v. Meyer, 114 S.Ct. 996, 1006 (1994). Accordingly, the district court properly dismissed these claims.
 
 
 4
 Teplitsky next contends that the district court erred by rejecting his claim that the Seattle FBI Field Office improperly withheld classified documents in response to his FOIA request. Our review of the record indicates that FBI Special Agent Thomas A. Harney submitted a sworn declaration stating that there is no record of Teplitsky ever having been under surveillance by the Seattle FBI Field Office. Teplitsky alleged no specific facts disputing Harney's declaration. Therefore, the district court properly rejected this claim. See Zemansky v. United States Environmental Protection Agency, 767 F.2d 569, 571 (9th Cir.1985).
 
 
 5
 Finally, Teplitsky contends that the district court improperly dismissed his challenge to the New York FBI Field Office's denial of his FOIA request for failure to exhaust administrative remedies. Under the FOIA, a party must exhaust administrative remedies before seeking judicial review. See United States v. Steele (In re Steele), 799 F.2d 461, 465 (9th Cir.1786). Teplitsky did not administratively appeal the initial denial of his FOIA request, even though the New York FBI Field Office notified him of the appeal procedure. Accordingly, the district court properly concluded that Teplitsky did not exhaust his administrative remedies.[1] See id.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because we affirm the district court's determination that Teplitsky did not exhaust administrative remedies, we do not address the district court's alternative holding that the New York FBI Field Office properly withheld classified material
 
 
 [2]
 All pending motions are denied