Benigno Antonio GASPARUTTI, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. EDCV97–0259 RT (VAPx).

United States District Court, C.D. California.

June 8, 1998.

Gasparutti, Rubidoux, CA, pro per.

Nora M. Manella, United States Attorney, Central District of California, Los Angeles, CA, Shannon Cohen, United States Department of Justice, Washington, DC, for Defendant.

### ORDER GRANTING DEFENDANT USA'S MOTION TO DISMISS

TIMLIN, District Judge.

Defendant's motion to dismiss was submitted for decision. The court, the Honorable Robert J. Timlin, has read and considered the moving and opposing papers. Based on

such consideration, the court concludes as follows:

## I.

### Background

Plaintiff Benigno Antonio Gasparutti ("Gasparutti") filed a complaint against the United States of America ("USA") pursuant to the Freedom of Information Act ("FOIA") asserting (1) that under FOIA sections 552(a)(1)(B), 552(a)(1)(D), 552(a)(2)(B), 552(a)(2)(C), 552(a)(3), and 552(a)(4)(B) USA must release to him "certain agencies records of statements of the general course of action and methods by which / its functions are channeled and determined, including the nature and requirements of all formal and informal Agencies procedures now in its possession or under its control, (2) the court should find under FOIA sections 552(a)(4)(B), 552(a)(4)(E), and 552(a)(4)(F) that the IRS deprived plaintiff of his wages and his social security pension without due process of law, (3) that this court should find under FOIA section 552(a)(4)(B) that a certain bankruptcy action was fraudulent and caused plaintiff damage, (4) that the court should order the release of certain IRS records under FOIA, and (5) he is entitled to damages in the amount of $21,000,000.00." All of plaintiff's claims are styled as causes of action under FOIA. USA filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1]

## II.

### Analysis

**A. Gasparutti cannot seek a judicial remedy under FOIA because he has failed to allege a request for documents to the IRS, IRS' refusal of his request and that he exhausted his administrative remedies and therefore this court lacks subject matter jurisdiction over his claims.**

 USA contends that Gasparutti has failed to allege that he has made a request to

---

1. Defendant's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). However, defendant's argument as to plaintiff's claims which do not seek the release of IRS records is that plaintiff fails to state a claim upon which

relief may be granted under FOIA. As such, the court will consider this section of the motion to be a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

the IRS for documents pursuant to FOIA, that IRS refused his request and has failed to allege that he exhausted his administrative remedies pursuant to FOIA. Therefore, his claims requesting records pursuant to FOIA must be dismissed.

■■■ In order to maintain a judicial action under FOIA, a plaintiff must first request documents from an administrative agency and if his request for documents is refused must exhaust his administrative remedies before filing a court action. *U.S. v. Steele*, 799 F.2d 461, 465–66 (9th Cir.1986) ("The complainant must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under the FOIA."). Where a plaintiff has not complied with these procedures, district courts lack jurisdiction over the claim under the exhaustion doctrine and will dismiss the claim for lack of subject matter jurisdiction. *Id.* at 466.

Plaintiff's complaint appears to be the petition which he intended to file with the IRS pursuant to FOIA. ("The plaintiff request sought here for release of the following documents . . ." Compl. at ¶ 13.) From a reading of the complaint, the court concludes that Gasparutti has failed to make a formal request for documents from the IRS pursuant to FOIA prior to filing this action. In addition, some of the documents that Gasparutti seeks may be a matter of public record (published in the Federal Register) and do not require a FOIA request to review, other documents may require a request to review. But in any event, the court concludes that it lacks subject matter jursidiction over Gasparutti's FOIA claims which request documents from IRS because he has failed to allege a request, refusal and exhaustion of his administrative remedies. Thus the motion to dismiss the complaint for lack of subject matter jurisdiction as to the request to IRS for records not of public record under FOIA will be granted without prejudice.

## B. Gasparutti's other claims under FOIA

### 1. Standard for Motion

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether a plaintiff will prevail in the action, but whether she is entitled to offer evidence in support of her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow plaintiff to develop her case at this stage of the proceedings. *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir.1981).

■■■ If the Court chooses to dismiss the complaint, it must then decide whether to grant leave to amend. In general, leave to amend is only denied if it is clear that amendment would be futile and "that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); *see Poling v. Morgan*, 829 F.2d 882, 886 (9th Cir.1987) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)) (futility is basis for denying amendment under Rule 15).

### 2. Money damages, a review of a bankruptcy court decision and a finding that IRS agents deprived plaintiff of his wages and pension without due process are not remedies available under FOIA.

■■■ USA contends that the court is without jurisdiction to rule on these claims because FOIA does not provide the type of relief that plaintiff is seeking. As alluded to in footnote 1, these allegations in the complaint do not relate specifically to jurisdiction but refer to alleged wrongful conduct by the bankruptcy court and the IRS and as such are not cognizably colorable claims under FOIA. FOIA provides a mechanism through which the members of the public can request

and government agencies can provide governmental agency documents. FOIA also provides the court with the authority to enjoin an agency from improperly withholding agency records and to order the production of agency records. There is no provision under FOIA which provides for an award of money damages for alleged wrongs by federal agencies. In addition, plaintiff also seeks a finding under FOIA that a certain bankruptcy decision was fraudulently decided and that IRS agents deprived him of property without due process of law. These claims too are not viable under FOIA. To repeat, FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency. It does not provide a litigant with other actions and remedies against the United States. Therefore, the motion to dismiss these claims will be granted without leave to amend.

### III.

### Disposition

THEREFORE, IT IS ORDERED THAT

1) Defendant's motion to dismiss as to plaintiff's claims under the Freedom of Information Act for lack of subject matter jurisdiction is granted without prejudice.

2) Defendant's motion to dismiss as to the claims upon which plaintiff seeks under the Freedom of Information Act damages, review of a bankruptcy court decision, and a determination that IRS agents violated his constitutional rights is granted without leave to amend.