**Gregory BENNETT, Petitioner,**

v.

**FEDERAL MINE SAFETY AND HEALTH REVIEW COMMIS- SION, Respondent,**

**Newmont Gold Company, Intervenor Respondent.**

**No. 99–70531.**
**FMSHRC No. WEST–98–115–D.**

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2001.[1]

Decided May 3, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

Before O'SCANNLAIN and W. FLETCHER, Circuit Judges, and KELLEHER,[2] Senior District Judge.

## MEMORANDUM [3]

Gregory Bennett ("Bennett") filed a discrimination complaint with the Federal Mine Safety and Health Administration against Newmont Gold Company ("Newmont") under Section 105(c) of the Federal Mine Safety and Health Act of 1977 ("Act")[4], alleging that his employment was

---

**2.** The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**4.** Section 105(c) of the Act provides that "[n]o person shall discharge or in any manner dis-

criminate against ... or otherwise interfere with the exercise of the statutory rights of any miner ... because such miner ... has filed or made a complaint under or related to this chapter, including a complaint ... of an alleged danger or safety or health violation in a coal or other mine ...." 30 U.S.C. § 815(c)(1).

terminated in retaliation for his health and safety complaints. Following a trial before an Administrative Law Judge ("ALJ"), Bennett filed post-trial motions requesting that the ALJ: (1) recuse herself on the ground of judicial bias; and (2) discipline Newmont's witnesses for alleged perjury. The ALJ denied both motions, and dismissed the complaint. The Federal Mine Safety and Health Review Commission ("Commission") affirmed.

## I.

■■■ Bennett contends that the ALJ erred in dismissing his complaint on the basis that he failed to establish a prima facie case of discrimination or, alternatively, that Newmont successfully rebutted his prima facie case. To establish a prima facie case of discrimination under Section 105(c) of the Act, the complainant must prove that: (1) he engaged in protected activity, and (2) the adverse action complained of was motivated by that activity. *See Secretary ex rel. Pasula v. Consolidation Coal Co.*, 2 FMSHRC 2786, 2799 (Oct. 1980), *rev'd on other grounds sub nom., Consolidation Coal Co. v. Marshall*, 663 F.2d 1211 (3rd Cir.1981). Once the complainant establishes a prima facie case, the mine operator may rebut the prima facie case by introducing evidence showing either that the complainant was not engaged in a protected activity, or that the adverse action complained of was not motivated in any part by the protected activity. *See id.* at 2799–800. Where the prima facie case cannot be rebutted, the mine operator may assert an affirmative defense by demonstrating by a preponderance of evidence that: (1) the adverse action was also moti-

vated by the miner's unprotected activity; and (2) the adverse action would have been taken in response to the unprotected activity alone. *See id.* at 2800.

Substantial evidence supports the ALJ's finding that Bennett's purported complaints regarding mercury control issues and excessive lifting requirements did not constitute protected activity under the Act. However, the ALJ failed to make any finding as to whether Bennett's complaints regarding the alleged falsification of environmental spill reports by his supervisor constituted a protected activity.

■■■ This omission, however, does not constitute reversible error. Substantial evidence supports the ALJ's alternative finding that, in any event, Newmont successfully rebutted Bennett's prima facie case by establishing that his employment was not terminated because of any protected activity, but rather due to his repeated refusal to return to work. Hence, the ALJ did not clearly err in dismissing Bennett's complaint.

## II.

Bennett contends that the ALJ erred in crediting the testimony of Newmont witnesses. Because "the [trial] judge has an opportunity to hear the testimony and view the witnesses," she is "in the best position to make a credibility determination." *Secretary v. Fort Scott Fertilizer–Cullor, Inc.*, 19 FMSHRC 1511, 1516 (Sept.1997). Further, the record before the Court reflects that each of the witnesses told a coherent and facially plausible story that is not contradicted by extrinsic evidence.[5] Therefore, the ALJ was not in error.

---

5. *See United States v. Matta–Ballesteros*, 71 F.3d 754, 766 (9th Cir.1995) (When a trial judge's finding "is based on his decision to credit the testimony of one or two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error") (internal quotation omitted).

## III.

Bennett contends that the ALJ abused her discretion by not recusing herself from the case. Specifically, Bennett contends that the ALJ demonstrated a bias in Newmont's favor by interrupting Bennett's questions to rehabilitate Newmont's witnesses, and by making unfavorable comments to Bennett. The record establishes that the ALJ properly exercised her prerogative to interrogate witnesses where necessary to clarify testimony, ensure the orderly presentation of evidence, and prevent undue repetition. *See United States v. Scholl,* 166 F.3d 964, 977 (9th Cir.1999) (a "trial judge is more than an umpire and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition"). The record reflects no evidence of any actual bias, improper judicial advocacy, or partiality. *See Price v. Kramer,* 200 F.3d 1237, 1252 (9th Cir.2000) ("A judge's participation during trial warrants reversal only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality.") (internal citation and quotations omitted). Therefore, there was no abuse of discretion.

## IV.

Bennett asserts certain claims under the Freedom of Information Act ("FOIA"). Bennett admits that he has filed an appeal regarding his FOIA request, which is still pending. Because "[e]xhaustion of a parties' [sic] administrative remedies is required under the FOIA before that party can seek judicial review," this Court does not have jurisdiction to rule on Bennett's

FOIA claim. *United States v.. Steele,* 799 F.2d 461, 465 (9th Cir.1986).

AFFIRMED.