NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ADALBERTO ZALDIVAR, Sr., | No. 16-17237 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-02219-CKJ |
| v. | |
| SOUTHERN ARIZONA VETERANS AFFAIRS HEALTH CARE SYSTEM; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Jose Adalberto Zaldivar, Sr., appeals pro se from the district court's

summary judgment and dismissal orders in his Freedom of Information Act

("FOIA") and Privacy Act ("PA") action arising out of his request for documents

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

related to his medical records. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lane v. Dep't of Interior*, 523 F.3d 1128, 1135, 1138 (9th Cir. 2008) (FOIA and PA summary judgment); *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (dismissal for failure to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Zaldivar's claims related to his July 14, 2009 FOIA request because Zaldivar failed to raise a genuine dispute of material fact as to whether he exhausted administrative remedies. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of a parties' administrative remedies is required under the FOIA before that party can seek judicial review.").

The district court properly granted summary judgment on Zaldivar's claims related to his November 22, 2011 FOIA and PA requests because Zaldivar failed to raise a genuine dispute of material fact as to whether appellees had not conducted a reasonable search for responsive documents. *See Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770-71 (9th Cir. 2015) (setting forth requirements for demonstrating adequacy of search for documents under FOIA); *Lane*, 523 F.3d at 1139 (search for documents under PA).

16-17237

The district court properly dismissed as time-barred Zaldivar's claims related to his April 11, 2008 FOIA request, and his December 31, 2008, July 14, 2009, and October 6, 2010 PA requests. *See* 5 U.S.C. § 552a(g)(5) (two-year statute of limitations under the PA); *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) (where a statute is silent on the statute of limitations, the six-year catchall statute of limitations provision under 28 U.S.C. § 2401(a) for actions against the United States applies). Contrary to Zaldivar's contention, the continuing violation does not save his claims from being time-barred.

The district court properly dismissed Zaldivar's claims brought under 42 U.S.C. §§ 1981, 1982, 1985, and 1986 because Zaldivar failed to allege facts sufficient to show racial discrimination or conspiracy. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

Dismissal was proper as to Zaldivar's claim brought under Health Insurance Portability and Accountability Act ("HIPAA") regulations because there is no private right of action under HIPAA. *See Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action.").

The district court properly denied Zaldivar's motion for appointment of

counsel because Zaldivar did not demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Zaldivar's requests for injunctive relief, set forth in the reply brief, are denied.

**AFFIRMED.**