**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NASSIR NAZAROVICH KOURBANOV,
AKA Milan F. Fargo, AKA Milan Frank
Fargo,

　　　　　　　Plaintiff-Appellant,

　v.

U.S. DEPARTMENT OF HOMELAND
SECURITY,

　　　　　　　Defendant-Appellee.

No. 19-15560

D.C. No. 1:16-cv-00024

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted May 6, 2020[**]

Before: 　　BERZON, N.R. SMITH, and MILLER, Circuit Judges.

　　Nassir Nazarovich Kourbanov, AKA Milan F. Fargo, AKA Milan Frank

Fargo, appeals pro se from the district court's judgment dismissing his action

seeking mandamus relief and disclosure of records under the Freedom of

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Information Act ("FOIA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *In re Gallagher*, 548 F.3d 713, 716 (9th Cir. 2008) (denial of mandamus). We affirm.

The district court properly denied Fargo's mandamus claims because Fargo failed to allege facts sufficient to demonstrate entitlement to mandamus relief. *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) (stating that mandamus is an "extraordinary remedy" and setting forth the requirements for mandamus relief).

The district court properly dismissed Fargo's claims related to his FOIA request because Fargo failed to exhaust administrative remedies. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of . . . administrative remedies is required under the FOIA before that party can seek judicial review.").

We reject as meritless Fargo's contentions that the district court erred by consolidating his cases and by refusing to adjudicate the history of his immigration status dating back to 2002.

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions are denied.

**AFFIRMED.**