NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOYCE M. BURRUS, | No. 23-16203 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00845-KJM-JDP |
| v. | |
| UNITED STATES DEPARTMENT OF AGRICULTURE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted February 6, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Joyce Burrus appeals pro se from the district court's dismissal of her Amended Complaint for failure to state a Freedom of Information Act ("FOIA") claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*See Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024). We affirm.

Burrus failed to exhaust administrative remedies, so her claim was properly dismissed. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of . . . administrative remedies is required under the FOIA before that party can seek judicial review."); *see also Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021) ("Exhaustion under FOIA is a prudential rather than jurisdictional consideration."). Before a plaintiff can bring a FOIA action in federal court, she "must request specific information in accordance with published administrative procedures." *In re Steele*, 799 F.2d at 466; *see also* 5 U.S.C. § 552(a)(3)(A) (agencies shall make records promptly available upon a request that "is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed"). Burrus's letter to the Forest Service did not "attempt to comply fully with agency procedures." *In re Steele*, 799 F.2d at 466. Among other deficiencies, the letter was not addressed to a FOIA office and did not include the phrase "FOIA request" as prescribed in the relevant regulations. *See* 7 C.F.R. § 1.3(a).[1] Considering these deficiencies, Burrus's general request for

---

[1] Although Burrus's brief to our court asserts in a cursory fashion that the "Forest Service has a pattern and practice to not respond" to FOIA requests, Burrus "does not adequately allege such a claim." *Aguirre*, 11 F.4th at 728 (holding that the plaintiff did not state a pattern-or-practice claim where his complaints sought

documentation supporting the agency's employment actions included in a letter that described its purpose as protesting those actions did not constitute a FOIA request. *See In re Steele*, 799 F.2d at 466.

**AFFIRMED.**

---

orders requiring the disclosure of "records responsive to his specific requests, rather than injunctive relief against the agency's handling of FOIA requests more generally").