GREATER LOS ANGELES COUNCIL ON DEAFNESS, INC., et al., Plaintiffs-Appellants,

v.

Malcolm BALDRIGE, Secretary of the Department of Commerce, Defendant-Appellee.

No. 86–6256.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 1987.

Decided Sept. 15, 1987.

1354

Stanley Fleishman, Los Angeles, Cal., for plaintiffs-appellants.

Wendy Kloner, Los Angeles, Cal., for defendant-appellee.

Before PREGERSON and FERGUSON, Circuit Judges, and ROSENBLATT,* District Judge.

FERGUSON, Circuit Judge:

Plaintiffs/appellants The Greater Los Angeles Council on Deafness, Inc. ("GLAD"), Abraham and Sue Gottfried, and Marcella Meyer brought suit against the Department of Commerce ("Secretary" or "Department"). Plaintiffs alleged that the Department failed to act on an administrative complaint plaintiffs filed with the Department pursuant to regulations promulgated under the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs also sought a declaratory judgment from the district court interpreting the Rehabilitation Act. The district court dismissed the case, holding

that plaintiffs failed to state a claim upon which relief could be granted and that the court lacked subject-matter jurisdiction.

We reverse the district court with respect to the claim involving the Secretary's failure to act on the administrative complaint and remand for further proceedings. We uphold the court's refusal to issue a declaratory judgment.

I.

Four plaintiffs filed suit against the Department on March 17, 1986. Plaintiffs were GLAD, a nonprofit corporation devoted to furthering the interests of deaf and hearing-impaired individuals, acting on its own behalf and on behalf of its deaf and hearing-impaired members; Abraham Gottfried, attorney for GLAD; and Marcella Meyer and Sue Gottfried, two deaf individuals, acting on their own behalf and as representatives of a class consisting of deaf and hearing-impaired persons. Plaintiffs alleged that the Secretary had failed to act on an administrative complaint filed by Abraham Gottfried on July 9, 1981. The administrative complaint stated that the Secretary had granted public television station KCET–TV federal financial assistance, and that the station was discriminating against hearing-impaired people in violation of section 504 of the Rehabilitation Act ("the Act" or "section 504"), 29 U.S.C. § 794. The complaint alleged that the Secretary's failure to rule on the administrative complaint violated the Rehabilitation Act and the Department's own regulations requiring it to act on complaints of handicap discrimination. Plaintiffs alleged that the district court has jurisdiction in the nature of a writ of mandamus to compel the Secretary to perform a ministerial duty owed to plaintiffs. *See* 28 U.S.C. § 1361. Plaintiffs also invoked the Administrative Procedure Act ("APA") to compel final agency action unlawfully withheld. *See* 5 U.S.C. § 706(1).

The complaint further alleged that section 504 requires public television stations

* Honorable Paul G. Rosenblatt, United States District Judge, District of Arizona, sitting by designation.

receiving federal financial assistance from the Department for construction, renovation, or equipment to caption their television programs for deaf and hearing-impaired viewers for the "full range of the stations' broadcasting activities." Plaintiffs claimed that the Secretary failed to enforce compliance with these requirements. Pursuant to the APA, 5 U.S.C. § 706, plaintiffs sought a declaratory judgment by the district court based on this interpretation of the Act.

The district court held that plaintiffs' claims were barred by the doctrine of collateral estoppel, and probably were barred by the doctrine of res judicata, based on this court's decision in *Greater Los Angeles Council on Deafness, Inc. v. Community Television of Southern California,* 719 F.2d 1017 (9th Cir.1983), *cert. denied,* 467 U.S. 1252, 104 S.Ct. 3535, 82 L.Ed.2d 840 (1984) [*GLAD I*].

With regard to the agency's failure to act on the administrative complaint, the court held that this circuit, in *GLAD I,* and the Supreme Court, in *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979), had disposed of the issue raised by the complaint. The district court also held that since plaintiffs were not required to exhaust their administrative remedies under section 504, the request for mandatory relief was inappropriate.

The court further held that mandamus was inappropriate to force the Secretary to require public television stations receiving their grants to caption their television programs. The court also concluded that review of the Secretary's exercise of discretion in enforcing section 504 was barred under the APA. Based on these findings, the court ruled that the plaintiffs failed to state a claim upon which relief could be granted and that the court was without jurisdiction over the subject matter. The plaintiffs timely appeal.

## II.

In September 1973, Congress enacted the Rehabilitation Act of 1973. Section 504 of the Rehabilitation Act states, in pertinent part:

No otherwise qualified individual with handicaps in the United States, as defined in section 706(6) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794. An individual with handicaps is defined as "any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment." 29 U.S.C. § 706(8)(B).

Coordination authority for implementation and enforcement of section 504 in federally assisted programs initially was vested in the Secretary of Health, Education and Welfare ("HEW"). Exec.Order No. 11,914, 41 Fed.Reg. 17871 (1976). Subsequently, this coordination authority was transferred to the Attorney General, pursuant to Exec.Order No. 12,250, 3 C.F.R. § 298 (1981), *reprinted in* 42 U.S.C.A. § 2000d–1 note at 527 (1982).

The Attorney General issued guidelines for government-wide implementation and enforcement of section 504 and instructed all agencies to promulgate conforming section 504 regulations. The Department of Commerce issued final regulations implementing section 504 in 1982. *See* 47 Fed. Reg. 17,744 (1982), *codified at* 15 C.F.R. § 8b. These regulations became effective on May 24, 1982.

The Department awards grants to public television stations for the acquisition, installation, and modernization of public telecommunications facilities under the Public Telecommunications Facilities Program ("PTFP"). *See* Communications Act of 1934, 47 U.S.C. §§ 390, 393(b). KCET–TV is a grant recipient.

## III.

A dismissal for failure to state a claim upon which relief can be granted is a

question of law reviewed de novo. *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986). A district court's determination that it lacks subject matter jurisdiction also is a question of law reviewed de novo. *Bon v. United States*, 802 F.2d 1092, 1094 (9th Cir.1986).

## IV.

■ The district court did not address the issue of whether the plaintiffs have standing to sue. In order to maintain an action, however, a party must have a sufficient stake in the outcome of the controversy. *See Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). The Department argues that the plaintiffs lack standing because they fail to allege a distinct and palpable personal injury that is traceable to the challenged action.

■ Marcella Meyer and Susan Gottfried clearly have standing to sue in this case because they are deaf individuals who are injured directly by the alleged violations of the Rehabilitation Act and the regulations. Plaintiffs Marcella Meyer and Susan Gottfried claim that their rights and the rights of the members of the class which they represent are affected because they cannot "enjoy the benefits of television programs broadcast by public television stations" which receive funding from the Department.

The actual or threatened injury required by Article III may exist solely by virtue of a statute that creates legal rights, the invasion of which creates standing. *Id.* at 500, 95 S.Ct. at 2205. Here, the statute prohibits a handicapped individual from being "denied the benefits of ... any program or activity receiving Federal financial assistance." 29 U.S.C. § 794. Thus, Marcella Meyer and Susan Gottfried, and the members of the class they represent, have standing for purposes of Article III.

■ Abraham Gottfried is not a handicapped person within the meaning of the Act. However, for purposes of the administrative complaint and the Department's failure to act on it, Abraham Gottfried has standing. He acted as a "representative" for the other plaintiffs and filed a complaint with the Department. *See* 15 C.F.R. § 8.8 ("Any person ... may by himself *or by a representative* file ... a written complaint") (emphasis added). As a complainant, he was entitled to a response. *See* 15 C.F.R. § 8.10(b)(2). He therefore alleges an injury which can be redressed by this cause of action. *See Warth*, 422 U.S. at 499, 95 S.Ct. at 2205.

GLAD is a nonprofit corporation devoted to furthering the interests of deaf and hearing-impaired persons. GLAD alleged that it has a direct stake in the effective enforcement of section 504 because it and its members receive benefits when the Act is enforced and is deprived of those benefits when it is not enforced.

■ An association may have standing to sue on behalf of its members when its members would otherwise have standing to sue in their own right, the interests it seeks to protect are germane to the organization's purpose and neither the claim asserted nor the relief requested requires the participation of individual members. *Hunt v. Washington Apple Advertising Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977). GLAD clearly meets these criteria. Its members consist of deaf or hearing-impaired individuals; GLAD seeks to protect the interests of these individuals and alleged that this was one of its objectives; and this lawsuit does not require the participation of individual members. *See also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1115 (9th Cir.1987).

## V.

Relying on this court's decision in *GLAD I*, 719 F.2d 1017, the district court applied the doctrines of res judicata/collateral estoppel to plaintiffs' claim seeking action on the administrative complaint, plaintiffs' request for declaratory judgment, and plaintiffs' claim seeking mandamus against the Secretary. We disagree and conclude that *GLAD I* does not bar this action.

In *GLAD I*, plaintiffs GLAD, Marcella Meyer, and Sue Gottfried brought a class action against private defendants—KCET–TV, its officers, the Corporation for Public

Broadcasting ("CPB"), and the Public Broadcasting System ("PBS").[1] The *GLAD I* plaintiffs alleged that KCET–TV, a recipient of federal funds, violated section 504 by failing to provide open captioning of all programs broadcast by the station and that CPB and PBS violated section 504 by distributing federally financed programs to KCET–TV despite KCET–TV's failure to provide open captioning.[2] *Id.* at 1019. The *GLAD I* plaintiffs also sued federal defendants—the Federal Communications Commission ("FCC") and the Department of Health, Education, and Welfare ("HEW"). When HEW was restructured in 1980, the Department of Education and the Attorney General were added to the federal defendants.[3] In *GLAD I*, the plaintiffs alleged that the FCC had failed to issue regulations requiring public broadcasting stations to comply with section 504, and that HEW (and later the Department of Education) had distributed funds to grant recipients who violated section 504. *Id.* at 1020. The plaintiffs sought promulgation of appropriate regulations, termination of funding to grantees not complying with section 504, and recovery of funds previously distributed to noncomplying stations. *Id.*

Concerning the federal defendants, this court held that the Attorney General was not required to promulgate regulations because its office was only responsible for "coordination of implementation and enforcement of" section 504 which included "the review of proposed regulations, but not their promulgation." *Id.* at 1022. Applying the Supreme Court case of *Community Television v. Gottfried,* 459 U.S. 498, 509, 103 S.Ct. 885, 892, 74 L.Ed.2d 705 (1983), the court held that "because the FCC is not charged with administering funds under section 504, it has no responsibility for enforcement and no duty to promulgate regulations." *GLAD I,* 719 F.2d at 1022. In response to the plaintiff's

complaint that the Department of Education was required to promulgate regulations enforcing section 504, the court held that the decision not to promulgate regulations was not an abuse of discretion when the Department of Education stated that it could interpret and enforce section 504 through adjudication of complaints against funding recipients and conditioning of grant awards on compliance. *Id.*

Concerning the private defendants, the *GLAD I* Court applied the Supreme Court's decision in *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361. In *Davis,* the Supreme Court interpreted compliance standards under section 504 and held that section 504 does not require a federal fund recipient to make substantial modifications in, or to alter the nature of, regular programs to allow disabled persons to participate. *Id.* at 405, 99 S.Ct. at 2366. The Court stated that section 504 does not "impose an affirmative-action obligation on all recipients of federal funds." *Id.* at 411, 99 S.Ct. at 2369. The *GLAD I* Court, recognizing that the Department of Education required all programs that it funded or produced to contain closed captioning, held that "KCET, CPB, and PBS are not compelled by section 504 to take further affirmative action to compensate for the inability of the hearing impaired viewers to receive the audio portion of the broadcast." 719 F.2d at 1023. According to the court, the "Act does not mandate the production and broadcasting of federally funded programs with open rather than closed captions." *Id.* at 1019.

■ We must decide whether *GLAD I* bars plaintiffs from bringing this action. The doctrine of res judicata encompasses both claim preclusion and issue preclusion (or collateral estoppel) that bar, respectively, a subsequent action or the subsequent litigation of a particular issue because of

---

1. The plaintiffs in *GLAD I* are the same plaintiffs in this action. Abraham Gottfried, attorney for GLAD, is an additional plaintiff in this action.

2. A program is open-captioned when subtitles appear at the bottom of the television screen and translate the audio portion of the program.

A closed-captioned system requires use of a decoder that allows only viewers with special equipment to view the audio translation. *GLAD I,* 719 F.2d at 1019.

3. The Department of Commerce was not a party in *GLAD I.*

the adjudication of a prior action. *McClain v. Apodaca,* 793 F.2d 1031, 1033 (9th Cir. 1986).

 Claim preclusion bars the relitigation of a claim and all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. *Id.* This case is not barred by the doctrine of claim preclusion. *GLAD I* was a suit involving the same plaintiffs and different branches of the government. In *GLAD I,* plaintiffs sought promulgation of regulations by the Attorney General, FCC, and the Department of Education, 719 F.2d at 1020. In this case, plaintiffs seek to compel the Department of Commerce to rule on an administrative complaint in accordance with the Department's own regulations. Plaintiffs also seek to compel the Department to require television stations receiving federal funding from the Department to caption their television programs for deaf and hearing impaired viewers for the "full range of the stations' broadcasting activities."[4] These are separate causes of action which could not have been raised in the previous suit against other federal defendants. Thus, we conclude that claim preclusion is inapplicable. *See McClain,* 793 F.2d at 1033.

 Issue preclusion bars the relitigation of all issues that were litigated in a prior proceeding, even if the second proceeding is an action on a claim different from the one asserted in the first action. *Shaw v. California Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir.1986). Although the *GLAD I* Court held that public broadcasting stations were not required to take further "affirmative action" beyond closed captioning in programs funded or produced by the Department of Education, the Court was specifically reviewing the television stations' responsibilities in relation to the funds or programs received from the Department of Education. 719 F.2d at 1023. The Court did not decide the issue of whether the television stations, and KCET–TV, may

have additional responsibilities due to financial assistance provided from the Department of Commerce. For example, the Act may be interpreted to require closed captioning of programs not funded or produced by the Department of Education but broadcast with equipment purchased with funding from the Department of Commerce. Thus, collateral estoppel does not bar this suit because the issue presented here was not decided in *GLAD I.*

## VI.

The district court, relying on *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), held that it lacked jurisdiction over plaintiffs' challenge to the Department's failure to enforce section 504 in a particular manner because agency inaction is immune from judicial review. Plaintiffs seek review under the APA on two issues that must be addressed separately.

 First, plaintiffs contend that judicial review is available under the APA to force the Department to rule on the letter which Abraham Gottfried sent to the Department on July 9, 1981. Pursuant to the Department's regulations that became effective on May 24, 1982, "[a]ny person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Responsible Department official a written complaint." 15 C.F.R. § 8.8. The responsible Department official "will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part." 15 C.F.R. § 8.10(a). If the investigation indicates a failure to comply with the Department's regulations, the Department "will so inform" the recipient or other party subject to the regulations and will resolve the matter by informal means if possible, or the Department may suspend, terminate, refuse to grant, or discontinue Federal financial assistance. 15

4. Plaintiffs take this language from a memorandum written to the Secretary of HEW when HEW was the lead agency for coordinating and enforcing section 504. HEW concluded that the receipt of Commerce Department grants made section 504 "applicable to the full range of a local public broadcasting station's production and broadcasting activities."

C.F.R. §§ 8.10(b)(1), 8.11(a). If an investigation does not warrant action, the Department "will so inform" the recipient or other party subject to the regulations and the complainant, in writing. 15 C.F.R. § 8.10(b)(2). Plaintiffs contend that the Department did not act in accordance with these regulations because the Department neither took action against KCET–TV nor informed Alan Gottfried in writing that it would not.[5]

In *Chaney,* the Supreme Court held that an agency's decision not to take enforcement action is presumed immune from judicial review under section 701(a)(2) of the APA. 470 U.S. at 831, 105 S.Ct. at 1655. The Court made clear, however, that "the decision is only presumptively unreviewable; the presumption may be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.* at 832–33, 105 S.Ct. at 1656–57. The Court was unwilling to review agency inaction where there was "no law to apply" but did not consider "the problem of whether an agency's rules might under certain circumstances provide courts with adequate guidelines for informed judicial review of decisions not to enforce...." *Id.* at 836, 105 S.Ct. at 1658.

The Ninth Circuit has indicated that the Supreme Court's holding in *Chaney* does not bar judicial review when an agency's regulations provide the Court with law to apply. *See Wallace v. Christensen,* 802 F.2d 1539, 1552 n. 8 (9th Cir.1986) (en banc); *see also Abdelhamid v. Ilchert,* 774

F.2d 1447, 1450 (9th Cir.1985). Other circuits also agree that judicial review is available when regulations provide law to apply. *See Doe v. Casey,* 796 F.2d 1508, 1519 (D.C.Cir.1986), *cert. granted,* — U.S. —, 107 S.Ct. 3182, 96 L.Ed.2d 671 (1987); *State Bank of India v. NLRB,* 808 F.2d 526, 536 n. 12 (7th Cir.1986); *Hill v. Group Three Hous. Dev. Corp.,* 799 F.2d 385, 394–95 (8th Cir.1986); *see also* Sunstein, *Reviewing Agency Inaction After Heckler v. Chaney,* 52 U.Chi.L.Rev. 653, 679–80 (1985).

We agree with plaintiffs that the Department's regulations provide this court with law to apply. There is no ambiguity concerning the Department's duty to investigate a complaint. The regulations require the Department to investigate and, where appropriate, to review the pertinent practices and policies of the recipient, the circumstances under which possible noncompliance occurred and other relevant factors. 15 C.F.R. § 8.10. If the investigation reveals that no further action is warranted, the Department is required by the regulations to so inform the complainant. 15 C.F.R. § 8.10(b)(2). Thus, the Department is required to act on the administrative complaint as alleged by plaintiffs. The district court is not precluded from reviewing the Department's failure to act based on the Supreme Court's holding in *Chaney.*[6]

The district court also held that it lacked subject matter jurisdiction under the APA to declare that the Department's grants to public television stations make

---

**5.** Gottfried sent the complaint to the Department on July 9, 1981, ten months before the final regulations came into effect. This raises a question concerning whether the Department was required to act on the complaint. The Department responded to Gottfried's complaint on June 12, 1982, stating that it could not determine whether KCET–TV had violated section 504 until the Department had received "all evidence from both parties." Gottfried sent two more letters to the Department following up on his initial complaint, in November of 1982 and November of 1985, to which he received no reply. Both of these letters were sent after the regulations took effect. By that time, the Department was required to act on the complaint.

**6.** This is true despite the district court's conclusion that plaintiffs are not required to exhaust

administrative remedies under section 504. *See GLAD I,* 719 F.2d at 1021 (citing *Kling v. County of Los Angeles,* 633 F.2d 876, 879 (9th Cir.1980)). Because *GLAD I* was not dispositive of the issues presented in this case, plaintiffs are entitled to an investigation, further action if it is warranted and, at the very least, a letter informing them that no further action is warranted.

Plaintiffs also cite *Chaney* for the proposition that judicial review is not precluded where an agency has consciously and expressly adopted a general policy that is so extreme "as to amount to an abdication of its statutory responsibilities." 470 U.S. at 831 n. 4, 105 S.Ct. at 1657 n. 4. We do not reach this issue due to the availability of the "law to apply" exception.

the full range of the stations' broadcasting activities subject to section 504. We agree that the district court is not in a position at this time to determine the Department's duties under the Act, although we do so for different reasons. We believe that the judicially created doctrine of exhaustion of administrative remedies is appropriate here. The court should wait until the Department has ruled on the administrative complaint before it reviews the Department's action vis-a-vis the Act. The creation of an administrative record will best serve "the competing interests of the court, the agency, and the aggrieved individual[s]." *Legal Aid Soc'y v. Brennan*, 608 F.2d 1319, 1337 (9th Cir.1979), *cert. denied*, 447 U.S. 921, 100 S.Ct. 3010, 65 L.Ed.2d 1112 (1980). Thus, the district court need not decide at this time whether television stations receiving funding from the Department are obligated to make programming distributed over grant funded equipment accessible to hearing-impaired people.

## VII.

■ Mandamus is available only when the plaintiff has a clear right to relief, the defendant has a clear, ministerial duty to act, and no other adequate remedy is available. *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir.1986). Based on the Department's regulations, the plaintiffs have a clear right to have the Department act on their administrative complaint and the Department has a duty to act. Insofar as the district court denied mandamus because plaintiffs have another available remedy in the form of a private action against KCET–TV, the district court is reversed. Plaintiffs are attempting to force the Department to comply with the statute and its own regulations. This goal cannot be achieved by a suit against KCET–TV. We hold, therefore, that mandamus is available to compel the Department to act on the administrative complaint.

■ The district court also held that mandamus is inappropriate to force the Department to require television stations receiving federal financial assistance to caption their television programs for the full range of the stations' broadcasting activities. We agree that mandamus is inappro-

priate at this time. The court is in no position to make this determination until the agency has acted on the administrative complaint.

## VIII.

The Supreme Court's decision in *Chaney*, 470 U.S. 821, 105 S.Ct. 1649, and the doctrines of collateral estoppel and res judicata do not bar the claims brought in this case. Similarly, the Supreme Court's decision in *Davis*, 442 U.S. 397, 99 S.Ct. 2361, ruling that section 504 does not impose an affirmative action obligation on all recipients of federal funds, does not bar plaintiff's claim seeking action on their administrative complaint. *Id.* at 411, 99 S.Ct. at 2369. *Davis* did not clearly define where discrimination ends and affirmative action begins. *Id.* at 412, 99 S.Ct. at 2370. In *Alexander v. Choate*, 469 U.S. 287, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985), the Supreme Court explained its language in *Davis* stating that

> Our use of the term "affirmative action" in this context has been severely criticized for failing to appreciate the difference between affirmative action and reasonable accommodation; the former is said to refer to a remedial policy for the victims of past discrimination, while the latter relates to the elimination of existing obstacles against the handicapped.

*Id.* at 300 n. 20, 105 S.Ct. at 721 n. 20. We hold, therefore, that plaintiffs are entitled to a determination by the Department of what constitutes a "reasonable accommodation."

The district court incorrectly concluded that plaintiffs failed to state a claim upon which relief could be granted and that it lacked subject matter jurisdiction. We therefore remand the case to the district court with directions to order the Department to act on the administrative complaint. The district court need not reach the merits of plaintiff's substantive claim concerning whether recipients of grants are obligated to make public television programming distributed over grant funded equipment accessible to hearing-impaired individuals.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED. Plaintiffs are entitled to their costs on appeal. *See* 28 U.S.C. § 2412(a).