959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary EITEL, Plaintiff-Appellant,
v.
Sun Myung MOON, individually and dba New Pacific Development
Corp.; Bo Hi Pak, individually and dba New Pacific
Development Corp.; Jonathan S. Park, individually and dba
New Pacific Development Corp.; Nancy J. Finley,
individually and dba New Pacific Development Corp.; New
Pacific Development Corporation, Defendants-Appellees.
 No. 91-35446.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Eitel appeals pro se the district court's dismissal of his Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., action on res judicata grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Eitel contends that the prior dismissal of his action, Eitel v. Sun Myung Moon, et al., No. C90-1283C, (W.D.Wash. Nov. 7, 1990) ("Eitel I "), for failure to state a RICO claim was not a judgment on the merits and should not be given res judicata effect. Eitel also contends that, even if Eitel I were a judgment on the merits, this action broadened the scope of the Eitel I and therefore should not be precluded by Eitel I. Both these contentions lack merit.
 
 
 4
 First, the dismissal of Eitel's RICO claim in Eitel I, upon the defendants' Fed.R.Civ.P. 12(b)(6) motion, was a judgment on the merits for purposes of res judicata. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981) (dismissal for failure to state a claim is a judgment on the merits); Cook v. Peter Kiewt Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985) ("dismissal based on failure to state a claim requires judgment on the merits"), cert. denied, 476 U.S. 1183 (1986); see also Fed.R.Civ.P. 41(b); Huey v. Teledyne, 608 F.2d 1234, 1237 ("Rule 41(b) specifies that a dismissal, unless otherwise specified, operates as an adjudication on the merits, and thus is one with prejudice").
 
 
 5
 Second, under the doctrine of res judicata, Eitel is barred not only from relitigating claims raised in Eitel I, but also from litigating any claims which could have been raised in that action. See Greater Los Angeles Council for Deafness, Inc. v. Baldridge, 827 F.2d 1353, 1360 (9th Cir.1987) (res judicata "bars the relitigation of a claim and all grounds for recovery which could have been asserted, whether they were or not"). Accordingly, we affirm the district court's dismissal of this action on res judicata grounds.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3