Rogelio ROMAN; Maria Roman; Ruben Roman; Robert Roman; David Peralez; Rosalinda Peralez; Ester Paredes; Raquel Roman, a minor, by and through her next friend, Maria Roman; Maria Cruz; Asuncion Aparicio; Guadencio Aparicio; Jesus Mojica; Maria I. Espinoza; and Ceferino Borja, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Gerald KORSON, individually and d/b/a Jerry Korson Farms; Doroteo Carrizales; Edward Madigan, in his official capacity as Secretary, United States Department of Agriculture; Laverne Ausman, in his official capacity as Administrator, Farmers Home Administration; Calvin Lutz, in his official capacity as

State Director, Farmers Home Administration; Harry Brumer, in his official capacity as District Director, Farmers Home Administration; United States Department of Agriculture and Farmers Home Administration, both agencies of the United States, Defendants.

No. 1:91:CV:274.

United States District Court,
W.D. Michigan.

July 25, 1995.

**1110**

Gary N. Gershon, Michigan Migrant Legal Assistance Project, Inc., Grand Rapids, MI, Joseph V. Walker, Plunkett & Cooney, PC, Detroit, MI, Michael S. Bogren, Elizabeth A. Bennett, Plunkett & Cooney, PC, Kalamazoo, MI, Roger C. Rosenthal, Migrant Legal Action Program, Washington, DC, Lee Philip Reno, Reno, Cavanaugh & Hornig, Washington, DC, for Rogelio Roman, Maria Roman, Ruben Roman, Robert Roman, Ramiro Roman, Jorge Luis Roman, David Peralez, Rosalinda Peralez, Ester Paredes, Raquel Roman, Maria Cruz, Asuncion Aparicio, Guadencio Aparicio, Jesus Mojica, Maria I. Espinoza, Ceferino Borja.

Richard M. Van Orden, Tolley, Vandenbosch & Walton, PC, Grand Rapids, MI, for Jerry Korson, Doroteo Carrizales.

Ruth Ann Ernst, Asst. U.S. Atty., Michael H. Dettmer, United States Attorney, Grand Rapids, MI, Anne L. Weismann, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington, DC, Eric Johnson Mahr, U.S. Department of Justice, Washington, DC, for Edward Madigan.

Agnes M. Kempker–Cloyd, U.S. Asst. Attorney, Ruth Ann Ernst, Asst. U.S. Atty., Michael H. Dettmer, United States Attorney, Grand Rapids, MI, Anne L. Weismann, U.S. Department of Justice, Civil Division, Federal Programs Branch, Washington, DC, Eric Johnson Mahr, U.S. Department of Justice, Washington, DC, for Laverne Ausman, Calvin Lutz, Harry Brumer, United States Department of Agriculture, Farmers Home Administration.

## *OPINION*

ENSLEN, Chief Judge.

This matter is before the Court on the motion of the federal defendants for summary judgment and the motion of the plaintiffs for summary judgment against the federal defendants. Pursuant to Federal Rule of Civil Procedure 56, the Court determines for the reasons given below that the motion of the plaintiffs should be granted and the motion of the federal defendants should be denied.

1. Whose duties were recently reassigned to the

### I.

In this case, the federal defendants (the United States Department of Agriculture, the Farmers Home Administration [1] and various officers of the Department and Administration) have requested summary judgment as to the two counts against them: Count I for alleged non-enforcement of labor housing regulations requiring that the Department require borrowers to follow notice and comment procedures prior to increasing rents, and to rollback and refund illegally charged rents (under 7 C.F.R. § 1930 Subpart C, Exhibit C (1986)); and, Count II for enforcing labor housing regulations which are arbitrary, capricious and contrary to the law in that they allowed borrowers to be exempt from a loan agreement requirement (which otherwise would have restricted their ability to charge rent) and that they further allowed borrowers to be exempt from reporting requirements relating to the charging of rent (*see* 7 C.F.R. § 1930.101(e)(1) and 7 C.F.R. § 1944.164). Defendants argue that summary judgment should be granted because the record establishes that these regulations were rational and consistent with statutory authorizations, and that there is no evidence to indicate abdication of statutory duties.

Studies by the Department in 1986 and 1990 indicate that the Department's policy of allowing these waivers—for the alleged purpose of allowing local authorities to maintain compliance with the statute—was resulting in substantial violations of the statute and regulations. Hence, the Department amended its regulations in January 1993 by eliminating the loan agreement exception. *See* 57 Fed. Reg. 59900 (Jan. 17, 1993). While plaintiffs assert that allowance of these waivers was arbitrary and contrary to law, the federal defendants take the position that they were merely permitting state FmHA directors to utilize such discretion as is explicitly given them by statute. These defendants assert that the administrative record supports their contention that they have taken active and reasonable approaches to enforcement by studying past enforcement efforts and chang-

Rural Housing Community Development Service.

ing practices when necessary.[2] Exhibit 7 to defendants' brief gives examples of past monitoring and enforcement efforts made by FmHA officials. The Exhibit indicates that both before and after the 1993 change in regulations FmHA employees sought to increase compliance by contacting borrowers with instructions that rent was not be charged as to Section 514 properties. The defendants conclude from such information that they have not completely abdicated their enforcement responsibilities as alleged and that the regulations have been rational in light of the information available to the agency at the various times.

Plaintiffs, however, maintain in their motion for summary judgment that the record clearly establishes the federal defendants' liability as to these counts. First, they point to the voluminous administrative record in this case to show that the violations of the agency's mandatory regulations requiring notice, comment, rollback and refund are legion. In fact, according to their computation from the administrative record and defendants' Exhibit 7, 62 percent of the 168 borrower files surveyed demonstrate violations in that rent was illegally charged.[3] Further, despite these widespread violations, the records indicate only one instance between 1983 and present in which a borrower was notified by the federal defendants of its responsibilities to rollback and refund rents. Likewise, the records do not indicate a single instance in which the FmHA required that the formal notice and comment procedures of Exhibit C be utilized prior to a rental increase by a borrower.

## II.

Since these motions are made pursuant for summary judgment, the pertinent federal rule is Federal Rule of Civil Procedure 56. According to it, summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Historic Preservation Guild v. Burnley*, 896 F.2d 985 (6th Cir.1989). No genuine issue of material fact exists unless, in viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). United States Supreme Court decisions encourage granting summary judgments where no genuine issue of material fact exists. *Historic Preservation*, 896 F.2d at 993. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510 (citations omitted). Mere allegations are insufficient. The party with the burden of proof must provide concrete evidence in support of a claim and thereby demonstrate the existence of a genuine issue of material fact. *Cloverdale Equipment Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir.1989).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a genuine issue of material fact on which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–54. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■ While the parties have assembled a mountain of administrative paperwork relating to these motions, it appears from reading

---

2. While the defendants stress that their "three-pronged enforcement strategy" was adequate to fulfill the purposes of the statute, it is apparent from the record that such strategy was not formally stated until after this litigation was begun.

3. There is some dispute as to the statistics employed by the plaintiffs in that the defendants do not define "rent" to include "utility charges." While the plaintiffs' definition better fits the purpose and language of the regulations, even if defendants' definition is used, there are substantial violations.

the arguments advanced by them that many of them simply restate arguments previously ruled upon by the Court's Opinion and Order of March 31, 1994, which dealt with the federal defendants' motion to dismiss under Federal Rule of Civil Procedure 12. In connection with such, the plaintiffs are correct in observing that the previous Opinion serves as the law of the case. *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990). Accordingly, the Court will revisit those legal determinations only "'when the court has 'a clear conviction of error' with respect to a point of law on which its previous decision was predicated.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991).

■ First, as to defendants' arguments, they have cited no new law nor explained any clear legal error made in the Court's prior Opinion relating to the issue of whether an abdication claim is consistent with the holding in *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). Defendants' argument that other courts have failed to apply the theory glosses over the factual situations in those cases—under which application of the theory would not have been appropriate. In this case, contrariwise, there is clear evidence that the agency completely ignored certain of its mandatory regulatory duties. Under the Sixth Circuit's decision in *Gillis v. United States Dept. of Health and Human Services*, 759 F.2d 565, 575 (6th Cir. 1985), and other circuit court of appeals decisions distinguishing *Chaney, supra*, such evidence gives the Court a proper basis for ordering the agency to carry out its duties. *See NAACP v. Secretary of Housing & Urban Dev.*, 817 F.2d 149 (1st Cir.1987); *cf. Marathon Oil Co. v. Lujan*, 937 F.2d 498, 500 (10th Cir.1991).

■ Second, defendants have cited no new law nor made any new persuasive argument for the proposition that the abdication theory applies only to statutes and not to mandatory regulations. The decision by the Ninth Circuit in *Greater Los Angeles Council on Deafness, Inc. v. Baldrige*, 827 F.2d 1353, 1361 (9th Cir.1987) is, as noted earlier, to the contrary. Indeed, as noted by the plaintiffs, several of the circuits, including our own, have recognized that regulations can serve as a basis for judicial review of agency enforcement decisions. *See, e.g., Diebold v. United States*, 947 F.2d 787, 789–90 (6th Cir.1991); *Crowley Caribbean Transp. v. Pena*, 37 F.3d 671, 677 (D.C.Cir.1994); *Massachusetts Public Interest Research Group, Inc. v. U.S. Nuclear Regulatory Com.*, 852 F.2d 9, 16 (1st Cir.1988); *Chong v. Director, U.S. Information Agency*, 821 F.2d 171, 175–76 (3rd Cir. 1987). This is in keeping with the general rule that legislative rules of administrative agencies are binding on both the agencies and the Courts. *See* K. Davis and R. Pierce, Jr., *Administrative Law Treatise*, § 6.3–6.5 (1994 ed.).

■ Third, defendants have not provided any new law nor persuasive argument for their claim that Section 704 of Title 5 of the U.S. Code bars this action because private remedies are available to the wronged tenants. *See Coker v. Sullivan*, 902 F.2d 84, 89 (D.C.Cir.1990). While this may be true as a general proposition, it simply has no application to the facts of this case. The regulations sought to be enforced in this case are regulations that call for the agency to ensure that tenants are informed of past illegal activities and are properly notified of rent increases. As such, as stated in *Bowen v. Massachusetts*, 487 U.S. 879, 901–906, 108 S.Ct. 2722, 2735–38, 101 L.Ed.2d 749 (1988), private remedies which may be available to the plaintiffs are not a sufficient alternative remedy so as to prevent enforcement of the regulations and other exercise of the Court's equitable powers under Section 704. Accordingly, defendants' argument for summary judgment on this point must be denied.

■ Fourth, as indicated earlier, the fact that the waiver regulations exempting borrowers from signing loan agreement and certifying that they were not charging rent were amended in 1993 (*see* 57 Fed.Reg. 59900 (Jan. 17, 1993)) does not defeat plaintiffs' claim that the regulations were arbitrary, capricious and contrary to the law. As noted from the evidence, despite the change in regulations many if not virtually all of the affected borrowers have not been forced to comply with the amended requirements. In addition, the harm from the previous regula-

tions—including the effect of the Department's failure to enforce the rollback provisions—clearly continues. As such, it is clear that plaintiffs' challenge to the regulations is not moot. *See Kirchberg v. Feenstra*, 450 U.S. 455, 459 n. 6, 101 S.Ct. 1195, 1198 n. 6, 67 L.Ed.2d 428 (1981); *Tustin v. Heckler*, 749 F.2d 1055, 1058 n. 5 (3rd Cir.1984). Accordingly, this aspect of defendants' motion is denied.

█ Fifth, defendants have cited no new law nor persuasive argument that Section 701 of Title 5 of the United States Code prevents the Court from judicially reviewing the Department's enforcement of certain of the regulations because of a lack of judicially manageable standards in reviewing the exercise of agency discretion. As the Court previously determined, the issuance of mandatory regulations is sufficient to create judicially manageable standards for enforcement. *See Heckler, supra*, at 830, 105 S.Ct. at 1655. Furthermore, the Court has previously determined that the notice, comment, rebate and rollback provisions (under 7 C.F.R. § 1930 Subpart C, Exhibit C) are mandatory. This conclusion is supported by not only the language of the regulations, but by the purpose of the statute underlying the regulations.[4]

█ Sixth, defendants have raised in their motion for the first time the argument that plaintiffs' claims relating to the invalidity of the 1980 waiver regulations are time barred under the applicable six year limitation period of Title 28 United States Code Section 2401(a). *See Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir.1991). As noted by plaintiffs, though, there is little, if any, authority for the proposition that this limitation period applies to substantive challenges of governmental regulation. Even assuming that it does apply, however, the limitations period is an affirmative defense which must be timely asserted to avoid its waiver. *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994); *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir.1988). Since in this case the defendants have not

asserted this defense in their answers, and since it is now too late to do so without prejudice to the plaintiffs' case in accordance with Rule 15, the Court determines that this defense has been waived.

### IV.

█ This brings the Court to the yet undecided question of whether there is sufficient evidence of abdication of regulatory responsibilities in this case to warrant the grant of summary judgment to either of the parties as to count I. The evidence shows clearly that the agency has not enforced the rebate and rollback provisions of Exhibit C since only one instance of enforcement during an eight year period was shown. Further, even fairly recent statements by the agency of its regulatory policies, do not indicate any intent to enforce the rebate and rollback provisions as written. Rather, as confirmed by the arguments made as to the Department's policies, the Department's present policy appears to be to not enforce the rebate and rollback provisions for fear that they will cause economic hardships on borrowers. *See* Defendants' Memorandum in Support of Summary Judgment at 33. Similarly, the notice and comment provisions of Exhibit C have clearly not been enforced by the Department. While some attempt has been made in a very few cases to indicate to borrowers that they should not charge rent, there is no evidence in the administrative record of even a single case in which the Department required the formal notice procedures of Exhibit C be complied with as a condition of a rental increase. Rather, the evidence demonstrates that where borrowers did request rental increases they were permitted to do so—not according to the regulations—but on the condition that they would benefit the FmHA through early repayment on their loans.

Such evidence leads to the inescapable conclusion that the defendants have abdicated these mandatory responsibilities. *See Gillis v. United States Dep't of Health and Human Services*, 759 F.2d 565, 578 (6th Cir.1985);

---

**4.** It is also clear, lest anyone doubt it, that Section 701 of this Title does not bar facial challenges to statutory and regulatory interpretations

by agencies. *See National Wildlife Federation v. United States E.P.A.*, 980 F.2d 765 (D.C.Cir. 1992).

*Chaney, supra; Adams v. Richardson,* 480 F.2d 1159 (D.C.Cir.1973). While the decisions in *Chaney, supra,* and other cases do not allow judicial intervention in cases of individual decision-making, in this case Department has completely failed in a systematic way to enforce its mandatory regulations. Furthermore, the enforcement of such regulations cannot be excused now by the fact that the Department may believe that they were not such a good idea in the first place. To do so would undermine the importance of the administrative rule-making process. *See* K. Davis & R. Pierce, Jr., *supra,* at § 6.3–6.5.

Therefore, the Court determines pursuant to Federal Rule of Civil Procedure 56 that the plaintiffs are entitled to summary judgment as to count I since it is clear as a matter of law that the plaintiffs are entitled to relief under Title 5 United States Code Sections 701–706.

## V.

■ Next, the Court must consider whether plaintiffs are entitled to summary judgment as to the claims contained in count II to set aside agency action which is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law in violation of Title 5, Section 706 of the United States Code. In particular, the claim is that the waiver of the loan agreement and certification requirements for borrowers who stated to the Department that they would not charge rent was "arbitrary and capricious."

■ In point of fact, there is little dispute that this exemption was a bad idea in that as indicated by the government reports it resulted in widespread violations. For this reason, the exemption was eliminated as part of the 1993 regulatory amendments. Indeed, the exemption makes particularly little sense when read together with the rent change provisions of Exhibit C which are expressly designed to assure agency control over rental charges. While it might be rational to suppose that a borrower might keep a private promise to not charge rents, when such a policy is coupled with an exemption from record keeping and reporting requirements as was done here, its end result is as predict-

able as it is dire. Thus, the problems created by this regulatory loophole are of a kind which the Supreme Court intended to prevent, when it explained that:

> [It is] arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2867, 77 L.Ed.2d 443 (1983). Namely, there is no rational explanation for this loophole. Although it is understandable that mistakes in drafting do occur, when such mistakes have a drastic negative and unintended effect on the beneficiaries of a statutory program, the Administrative Procedure Act requires that the regulations giving rise to them be set aside (under 5 U.S.C. § 706). Here, the briefing does not indicate any plausible argument in favor of such regulatory language, and deference to administrative decisions is not so kind that it can excuse such an oversight.

Therefore, the Court determines that the plaintiffs are entitled to summary judgment as to count II since it is clear as a matter of law that the plaintiffs are entitled to relief under Title 5 United States Code Sections 701–706.

## VI.

In accordance with this Opinion, the Court determines that plaintiffs' motion for summary judgment as to counts I and II of the complaint shall be granted, and that defendants' motions for summary judgment as to counts I and II of the complaint shall be denied. Furthermore, within seven days following conclusion of the trial on the remaining counts, plaintiffs shall furnish to the Court a proposed judgment and permanent injunction awarding them relief as to counts I and II plus such additional relief as they are determined to be entitled to at trial. Both parties may file briefing within seven

days of that date as to whether the proposed judgment is consistent with this opinion and the verdicts at trial.

### *ORDER*

In accordance with the Court's Opinion of this date;

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment (dkt. no. 247) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (dkt. no. 250) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiffs are granted summary judgment pursuant to Federal Rule of Civil Procedure 56 as to counts I and II of their Second Amended Complaint.

**IT IS FURTHER ORDERED** that following trial on the remaining counts plaintiffs shall submit to the Court within seven days of the issuance of the verdict a proposed judgment and permanent injunction granting such relief as is determined to which they are entitled. In connection with such proposed judgment, either party is permitted to file a written legal memorandum within seven days thereof regarding the proposed judgment.