87 F.3d 383
 24 Media L. Rep. 2176, 96 Cal. Daily Op. Serv. 4754,
96 Daily Journal D.A.R. 7673,
3 Communications Reg. (P&F) 597
 The COALITION FOR A HEALTHY CALIFORNIA; Consumer Action of
California; Linda Lawson; Robert Stern; Roy
Ulrich, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION; United States of
America, Respondents,
and
Radio-Television News Directors Association; The National
Association of Broadcasters, Respondents-Intervenors.
 No. 95-70066.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 15, 1996.
Decided June 27, 1996.
 
 Andrew J. Schwartzman, Washington, D.C.; Angela J. Campbell, Washington, D.C., for petitioners.
 Daniel M. Armstrong, William E. Kennard, Christopher J. Wright, C. Grey Pash, Jr., Washington, D.C., for respondents.
 Jack N. Goodman, National Association of Broadcasters, Washington, D.C., for intervenors.
 Petition for Review of a Decision of the Federal Communications Commission.
 Before: PREGERSON and TROTT, Circuit Judges, and WINMILL, District Judge.*
 TROTT, Circuit Judge:
 
 
 1
 The Coalition for a Healthy California et al. (Coalition) petitioned the Federal Communications Commission (FCC) to issue a declaratory order holding that the "fairness doctrine" is statutorily mandated by § 315 of the Communications Act, 47 U.S.C. § 315. The FCC did not respond to this request. The Coalition now petitions this court to so interpret § 315 and to articulate such a declaration. The Coalition explicitly tells us it does not want us to review or to remedy the FCC's inaction,[1] rather, it wants a decision on the merits of the codification issue. We dismiss the Coalition's petition because it does not arise from a cognizable dispute and thus seeks relief that we are not empowered to render: an advisory opinion.[2]
 
 BACKGROUND
 The Fairness Doctrine
 
 2
 Until 1981, the FCC interpreted § 315 of the Communications Act, 47 U.S.C § 315, to require broadcasters to comply with the "fairness doctrine." The fairness doctrine, as then construed by the FCC, imposed a two-pronged obligation on all broadcasters licensed by the FCC: (1) the broadcaster must give adequate coverage to public issues; and (2) that coverage must accurately reflect opposing views on the issues. Arkansas AFL-CIO v. FCC, 11 F.3d 1430, 1433-44 (8th Cir.1993) (en banc). However, in 1985 the FCC began to question whether the doctrine had been codified. 1985 Fairness Report, 102 F.C.C.2d 142 (1985).
 
 
 3
 In 1986, the D.C. Circuit ruled that the fairness doctrine is not statutorily mandated. Telecommunications Research & Action Ctr. v. FCC, 801 F.2d 501, 517 (D.C.Cir.) (Bork, J. and Scalia, J., concurring, MacKinnon, J., dissenting) (TRAC), rehearing en banc denied, 806 F.2d 1115 (D.C.Cir.1986) (five judges filed dissents to the denial, Judge Bork filed a response to the dissents), cert. denied, 482 U.S. 919, 107 S.Ct. 3196, 96 L.Ed.2d 684 (1987). Two years after the D.C. Circuit's decision, the FCC purported to eliminate the fairness doctrine because it violated the First Amendment and was not in the public interest. Syracuse Peace Council, 3 FCC Rcd.2035, 1988 WL 488127 (1988). Moreover, the FCC rejected the assertion the doctrine was codified because, "in light of the TRAC ... decision[ ], the fairness doctrine is not mandated by the Communications Act." Id. at * 4.
 
 
 4
 In 1993, the Eighth Circuit considered en banc whether the fairness doctrine had been codified. Arkansas AFL-CIO v. FCC, 11 F.3d at 1436-42. Although none of the judges found the reasoning in the TRAC decision persuasive, Id. at 1437 n. 6, the plurality decision concluded that the doctrine was not codified. Id. at 1438, 1443.
 
 
 5
 The question underlying the instant action is the same as previously addressed by the Eighth and the District of Columbia Circuits: whether the fairness doctrine is statutorily mandated. Because of defects in the Coalition's petition, however, we are unable to reach the merits of this case.
 
 
 6
 The Coalition's Petition for an Emergency Declaratory Ruling
 
 
 7
 On August 11, 1994, the Coalition submitted a "Petition for Emergency Declaratory Ruling" to the FCC. This petition asked the FCC to declare that the fairness doctrine is statutorily mandated, or, in the alternative, that the FCC exercise its discretion and enforce the fairness doctrine. The FCC is authorized to issue declaratory orders under 5 U.S.C. § 554(e):
 
 
 8
 The agency, ... in its sound discretion, may issue a declaratory order to terminate a controversy or remove uncertainty.
 
 
 9
 The Coalition's petition to the FCC stated that the FCC must make its declaration in less than four weeks, otherwise "Petitioner will deem this Petition to have been denied, and their administrative remedies exhausted for purposes of judicial review." The FCC did not act on the request for a declaratory ruling within the requested time--and has not done so since.
 
 
 10
 On October 5, 1994, the Coalition filed in this court a petition for a writ of mandamus, or in the alternative, for review of the FCC's inaction. On October 20, 1994, before the FCC filed any papers opposing the motion, we denied the Coalition's petition in an unpublished order. In re Coalition for a Healthy Cal. et al., No. 94-70632 (9th Cir., Oct. 20, 1994).
 
 
 11
 On January 9, 1995, the Coalition filed a second petition in this court which is the subject of this opinion. The Coalition argues that the FCC's failure to act on the FCC petition before the 1994 election constitutes agency action unlawfully withheld and/or unreasonably delayed, and requests this court to "reverse the Commission's ruling which constituted a denial of Petitioners' Emergency Petition and declare that the fairness doctrine is statutorily mandated."
 
 
 12
 The FCC filed a motion to dismiss, arguing that by denying the 1994 petition, this court had determined that the FCC had not abused its discretion in refusing to issue the requested declaratory order. The Coalition responded by denying they presently seek "review of any abuse of discretion that may have been involved in the failure to issue a substantive ruling." Rather, the Coalition asserts it only "seek[s] review of the underlying merits of the matter." Thus, in essence, the Coalition is asking this court to rule on the merits of the fairness doctrine, not on the FCC's failure to issue its own ruling.
 
 DISCUSSION
 
 13
 The Coalition argues that once the 1994 election was held, the FCC's failure to act on the petition became final, and therefore this court can review the merits of the underlying statutory dispute. However, the Coalition cites no authority, and we can find none, in which a court held that an agency improperly failed to issue a declaratory order and then told the agency what that order should say.[3]
 
 
 14
 This court is authorized to determine the validity of only "final orders" of the FCC. 28 U.S.C. § 2342. A FCC order cannot be considered final unless: (1) "[r]eview of the agency's decision at this time will not disrupt administrative proceedings"; and (2) "the agency's determination ... represented a definitive statement of the rights and obligations of the parties." Bell v. New Jersey, 461 U.S. 773, 780, 103 S.Ct. 2187, 2191, 76 L.Ed.2d 312 (1983). The test's first step asks "whether the order represents a terminal, complete resolution of the case before the agency." The second step considers "whether the agency's decision has a direct and immediate effect on the day-to-day business of the parties." West Coast Truck Lines, Inc. v. American Indus., Inc., 893 F.2d 229, 233 (9th Cir.1990) (quotations omitted).
 
 
 15
 Here, the only "final order" of the FCC was its decision not to issue a declaratory order. What that order would be, if issued, is neither known nor final: there has been no complete resolution of the merits of case before the agency. Therefore, if so requested, this court could only address the propriety of the FCC's decision not to issue a declaratory order, not what that order should be.
 
 
 16
 A similar situation arose in Greater L.A. Council on Deafness, Inc. v. Baldrige, 827 F.2d 1353 (9th Cir.1987). In that case, the plaintiffs alleged that the Department of Commerce (Department) failed to act on their complaint that a public television station was discriminating against hearing-impaired people in violation of the Rehabilitation Act, 29 U.S.C. § 704. Id. at 1356. The plaintiffs filed a complaint in district court asking the district court to, inter alia, order the Department to investigate their complaint, id. at 1361, and to declare that the Department's grants to public television stations made the stations subject to the Rehabilitation Act, id. at 1361-62. The district court granted summary judgment on the ground that it lacked jurisdiction. We reversed in part and remanded, holding that a court does have the power to order the Department to investigate the complaint. However, we agreed that the district court should not determine the Department's duties under the Rehabilitation Act until the Department had addressed the issue itself. Id. at 1362.
 
 
 17
 Moreover, the Coalition is not seeking in this matter to resolve a specific dispute (e.g., a complaint that a specific station has violated the fairness doctrine); rather, as the Coalition readily admits, it seeks very general relief:
 
 
 18
 a declaration that would require all stations to resume the self-executing, self-enforcing affirmative programing policies that would require coverage, as well as reasonable balance of such coverage.
 
 
 19
 Thus, even if the FCC had issued a general declaratory order as the Coalition requested, any review by this court would amount to an advisory opinion prohibited under Article III of the Constitution. See Flast v. Cohen, 392 U.S. 83, 96, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). While the FCC might properly issue such a general declaration which does not settle an actual controversy between adverse parties, this court cannot. See Public Service Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 242-43, 73 S.Ct. 236, 239-40, 97 L.Ed. 291 (1952). As the Supreme Court has explained, "This Court ... reviews judgments, not statements in opinions.... However appropriate it may be for an administrative agency to write broadly in an adjudicatory proceeding, federal courts have never been empowered to issue advisory opinions." FCC v. Pacifica Found., 438 U.S. 726, 734-35, 98 S.Ct. 3026, 3032-33, 57 L.Ed.2d 1073 (1978) (citations omitted).
 
 
 20
 In short, this court does not have the power to tell the FCC what to say in the declaratory order requested by Coalition. The relief that this court might have been able to give the Coalition--ordering the FCC to issue a declaratory order--has been specifically declined by the Coalition. Therefore, we dismiss the petition.
 
 
 
 *
 The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 [1]
 Accordingly, we take no position on whether the FCC's decision not to issue a declaratory order in this case was an abuse of discretion
 
 
 [2]
 The Coalition also asks, in one of its 101 footnotes, that in the event that we rule against them on the codification issue, we remand this case back to the FCC "to exercise its discretion to resume enforcement of the fairness doctrine as it applies to ballot issue and referenda." Such a perfunctory request, buried amongst the footnotes, does not preserve an argument on appeal. See Greenwood v. Federal Aviation Admin., 28 F.3d 971, 977 (9th Cir., 1994)
 
 
 [3]
 Every reported case we have found which examined whether an agency improperly refused to issue a declaratory order only considered whether the order was improperly withheld, not what that order should have been. See, e.g., Intercity Trans. Co. v. United States, 737 F.2d 103 (D.C.Cir.1984) (upholding Interstate Commerce Commission's decision not to issue declaratory order to settle dispute on proper classification of goods); Yale Broadcasting Co. v. FCC, 478 F.2d 594 (D.C.Cir.) (FCC did not abuse its discretion by not issuing clarifying statement), cert. denied, 414 U.S. 914, 94 S.Ct. 211, 38 L.Ed.2d 152 (1973); Yakima Valley Cablevision, Inc. v. FCC, 794 F.2d 737 (D.C.Cir.1986) (ordering the FCC to issue a declaratory order, but not telling the FCC what that order should be); Climax Molybdenum Co. v. Mine Safety & Health Admin., 703 F.2d 447 (10th Cir.1983) (no abuse of discretion not to issue declaratory judgment where the benefits of refraining outweigh the burdens)