**Mary Jo WARTH, Plaintiff-Appellant,**

v.

**DEPARTMENT OF JUSTICE and United States of America, Defendants-Appellees.**

**No. 77–1733.**

United States Court of Appeals, Ninth Circuit.

April 24, 1979.

Michael G. Watters, Santa Rosa, Cal., for plaintiff-appellant.

Leonard Schaitman, Washington, D. C., for defendants-appellees.

Before CHOY and SNEED, Circuit Judges, and KERR,* District Judge.

* Hon. Ewing T. Kerr, Senior United States District Judge, for the District of Wyoming, sitting by designation.

SNEED, Circuit Judge:

Appellant Warth appeals from the district court's dismissal of her suit brought under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA). Her appeal presents one issue. It is whether a copy of a trial transcript possessed by an executive agency is an "agency record" subject to production under the provisions of the FOIA. The district court held that the transcript was a court document and, as such, was exempt from disclosure under the FOIA. We note jurisdiction under 28 U.S.C. § 1291, and affirm.

Appellant is a free-lance writer currently writing a book about certain traffickers in illegal drugs, known as the "Brotherhood of Eternal Love" (Brotherhood). To assist in her research, appellant sought the transcript of a criminal trial in which three principal members of the Brotherhood were convicted on drug-related charges.[1] Appellant made a formal FOIA request to the Department of Justice (DOJ) for the production of a copy of the trial transcript possessed by the United States Attorney for the Northern District of California.[2] The DOJ denied appellant's request, stating that "[t]he transcripts of trials are public documents which should be obtained from the Clerk of the Court, pursuant to the rules of that court." The Deputy Attorney General affirmed the denial of appellant's request upon an administrative appeal.[3] Appellant then initiated this action to compel the DOJ to produce a copy of the transcript. The district court granted the government's motion to dismiss the complaint, holding that the transcript was a court document, and

that the possession of a court document by a government agency does not transform it into an "agency record" which must be produced under the FOIA.

The FOIA was enacted in 1966 as an amendment to Section 3 of the Administrative Procedure Act.[4] Although Section 3 was intended to be a public disclosure act, its vague language sometimes was used by government agencies to withhold rather than to disclose information to the public.[5] The purpose of the FOIA, in the words of the Supreme Court, is to "permit access to official information long shielded unnecessarily from public view and . . . to create a judicially enforceable public right to secure such information from possibly unwilling official hands."[6] Thus, the FOIA requires governmental "agencies" to make "agency records" available to any person for a nominal charge limited to the direct costs of search and duplication. 5 U.S.C. § 552(a)(3) and (4)(A), (B). Although the FOIA provides no definition for the term "agency records," the definition of the term "agency" expressly exempts "the courts of the United States" from the Act's operation. 5 U.S.C. § 551(1)(B). Thus, the provisions of the FOIA impose no obligation on the courts to produce *any* records in their possession.

Appellant does not dispute this reading of Section 551(1)(B), but rather contends that the trial transcript which it seeks is an "agency record" by virtue of its possession and use by the DOJ and because it reflects the "structure, operation, and decision-making procedure" of the DOJ.[7] The fact that the trial transcript is a court docu-

---

1. *United States v. Nicholas Sand*, CR–73–0306–SC (N.D.Cal.). The transcript consists of approximately 6,000 pages.

2. Prior to this formal request, appellant had called the Court Reporter in charge of the transcript in order to obtain a copy from him but was unable to make contact with him.

3. The Deputy Attorney General did offer to allow appellant to review and make notes on the copy of the transcript in the possession of the United States Attorney in San Francisco. Appellant did not accept this offer. We note, however, that the actual availability of the trial transcript is not a factor in our decision.

4. Former 5 U.S.C. § 1002.

5. *See* H.R.Rep.No.1497, 89th Cong., 2d Sess. 4 (1966); S.Rep.No.813, 89th Cong., 1st Sess. 3 (1965), U.S.Code Cong. & Admin.News 1967, p. 2418.

6. *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

7. Appellant relies on the definition of "records" found in the Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act (June 1967) (Memo). In that Memo, the Attorney General

ment, appellant argues, does not preclude its being an "agency record" as well. We disagree.

■ Courts are exempt from the FOIA's disclosure requirements in order to assure that the Act would not impinge upon the court's authority to control the dissemination of its documents to the public. In *SDC Development Corp. v. Mathews*, 542 F.2d 1116 (9th Cir. 1976), we interpreted the terms "records" and "agency records" in a manner to avoid the obliteration of a portion of the National Library of Medicine Act. Observing that the sought after computer tapes possessed by the National Library of Medicine did not deal with the "structure, operation, and decision-making procedure" of any governmental agencies and that the danger of agency secrecy was not a consideration, we concluded that the tapes were not "records" or "agency records" for purposes of the FOIA. *SDC, supra*, 542 F.2d at 1120. Similarly, were court documents deemed "agency records" for purposes of the FOIA when held by the DOJ, the Act would encroach upon the authority of the courts to control the dissemi-

nation of its documents to the public. We are convinced that Congress intended to preclude such encroachment by exempting the courts from the Act's disclosure requirements. We therefore hold that, as a matter of law, a court document is not an "agency record" for purposes of the FOIA [8] even when held by the DOJ.

■ There is little doubt but that a trial transcript is a court document. It reports only proceedings of the courts and it is created by a Court Reporter, an official who is appointed by the district court and who is subject to the supervision of the appointing court and the Judicial Conference of the United States in the performance of his duties.[9] Trial transcripts serve important functions at both the trial and appellate level of the judicial process. They are not obtainable pursuant to the FOIA.

AFFIRMED.

---

embraced the Congressional definition of the term "records" found in another Act:

> The term "records" is not defined in the [FOI] Act. However, in connection with the treatment of official records by the National Archives, Congress defines the term in the Act of July 7, 1943 § 1, 57 Stat. 380, 44 USC (1964 ed.) 361 [366] as follows:
>
>> . . . the word "records" includes all books, papers, maps, photographs, or other documentary materials, regardless of physical characteristics, made or received by any agency . . . .

We agree with the District of Columbia Circuit Court which held in *Goland v. CIA,* No. 76–1800 (D.C.Cir. May 23, 1978), that an agency's possession of a document, standing alone, does not dictate that it is an "agency record." *Id.* at 11. In *Goland,* plaintiffs had brought suit under the FOIA seeking the stenographic transcript of Hearings held before the House Committee on Expenditures in the Executive Departments on June 27, 1947, in the possession of the CIA. The court held that "[w]hether a Congressionally-generated document has become an agency record, rather, depends on whether under all the facts of the case the document [has] passed from the control of Congress and [become] property subject to the free disposition of the agency with which the document resides." *Id.*

at 11–12. We express no opinion on the issue of when a Congressional document may be deemed an "agency record" for purposes of the FOIA. We do note, however, that the *Goland* holding in no way conflicts with our holding today.

It is true that in *SDC Development Corp. v. Mathews, supra,* 542 F.2d 1116, we held that the types of documents Congress was seeking to include in the public disclosure provision of the FOIA were primarily those which dealt with the "structure operation, and decision-making procedure of the various governmental agencies." *Id.* at 1119. However, in *SDC* we were not faced with the problem of interpreting an exemption. We were instead faced with the problem of defining the qualitative nature of those records which Congress intended to fall within the purview of the FOIA.

8. The Tenth Circuit reached a similar conclusion in *Cook v. Willingham,* 400 F.2d 885 (10th Cir. 1968). In *Cook,* the court held that a presentence report, made for the use of the sentencing court, was not an agency record for purposes of the FOIA even though it had come into the possession of an executive agency.

9. 28 U.S.C. § 753(a) and (c).