**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GILBERTO JUAREZ,

              Plaintiff - Appellant,

  v.

TWENTY FIVE COURT OFFICERS; et al.,

              Defendants - Appellees.

No. 13-16669

D.C. No. 3:13-cv-02431-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

     California state prisoner Gilberto Juarez appeals pro se from the district

court's judgment dismissing his action alleging violations of federal law in

connection with the use of purportedly false evidence in his criminal prosecution

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and the mishandling of legal documents in subsequent proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A, and we may affirm on any basis supported by the record. *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).  We affirm.

To the extent that Juarez alleges a claim against federal court clerks for violation of the Freedom of Information Act, the district court properly dismissed because "the provisions of the FOIA impose no obligation on the courts to produce any records in their possession."  *Warth v. Dep't of Justice*, 595 F.2d 521, 522 (9th Cir. 1979).

To the extent that Juarez alleges a claim against federal court clerks for violation of his due process rights, dismissal was proper because mere negligent acts by officials do not give rise to constitutional violations, and at most, Juarez alleged facts showing negligence.  *See Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (explaining that "a *Bivens* action is the federal analog to an action against state or local officials under [42 U.S.C.] § 1983"); *County of Sacramento v. Lewis*, 523 U.S. 833, 848-50 (1998) (a negligent act of an official that causes loss of life, liberty, or property does not state a due process violation).

To the extent that Juarez alleges a claim against "25 court officers" for violations of his due process rights in connection with his criminal prosecution,

dismissal was proper because success on the merits of Juarez's claim would necessarily imply the invalidity of his conviction or sentence enhancement, and Juarez failed to allege that his conviction or sentence enhancement has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 489 (1994) (precluding § 1983 claims which, if successful, "would necessarily imply the invalidity" of an inmate's conviction or sentence).

**AFFIRMED.**