# United States Court of Appeals for the Fifth Circuit

No. 22-50227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2023

Lyle W. Cayce
Clerk

Jose Martinez,

*Plaintiff—Appellant*,

*versus*

Administrative Office of the United States Courts, *named as* Administrative Office of US Courts,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-1200

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Jose Martinez, an inmate proceeding *pro se*, challenges the dismissal of his complaint brought against the Administrative Office of the United States Courts (the "AOUSC"). In his initial complaint, Martinez alleged that he mailed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the AOUSC, asking for the "original/unaltered audio

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

recordings" from the criminal trial that resulted in his incarceration. Martinez alleged that the AOUSC failed to respond to his request within the time prescribed under FOIA. Martinez thus sought an injunction requiring AOUSC to "produce the requested audio recordings." The district court dismissed the complaint after screening Martinez's claim under 28 U.S.C. § 1915A, reasoning that he failed to state a claim because the AOUSC is not subject to FOIA. The court, however, granted Martinez leave to amend his complaint. In his amended complaint, the substance of Martinez's allegations remains largely unchanged. Notably, though, he has excised any reference to FOIA; instead, he generically refers to "a request for information" that he submitted to AOUSC. Martinez now seeks either "an order, injunction, and/or writ of mandamus requiring the AOUSC to respond to [his] request." After screening the amended complaint, the district court dismissed it with prejudice pursuant to § 1915A for the same reason that it dismissed his original complaint: the court explained that the AOUSC is not subject to FOIA, maintaining that Martinez's "request" in his amended complaint was equivalent to the "FOIA request" in his initial complaint.

On appeal, Martinez contends that the district court did not afford him the liberal pleading standards to which *pro se* litigants are entitled. He also challenges the court's characterization of the "request" referred to in his amended complaint as a "FOIA request," arguing that the court was permitted to consider only the facts alleged in his amended complaint, which made no reference to FOIA. Martinez asserts that the court's description of his "request" as a "FOIA request" evinces that it incorrectly considered facts that were only located in his initial complaint in dismissing his amended complaint.

We review a § 1915A dismissal for failure to state a claim *de novo* using the same standard applicable to claims challenged under Federal Rule of Civil

Procedure 12(b)(6). *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (per curiam). The district court interpreted Martinez's complaint as a request for mandamus relief. To obtain mandamus relief, a party must establish that "(1) 'no other adequate means [exist] to attain the relief he desires,' (2) the party's 'right to issuance of the writ is "clear and indisputable,"' and (3) 'the writ is appropriate under the circumstances.'" *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)). The AOUSC is not subject to FOIA requests. *See* 5 U.S.C. § 551(1)(B) (for the purposes of FOIA, "'agency' . . . does not include . . . the courts of the United States"); *accord Warth v. Dep't of Just.*, 595 F.2d 521, 523 (9th Cir. 1979) ("Courts are exempt from . . . FOIA's disclosure requirements," and because "a trial transcript is a court document" it is "not obtainable pursuant to . . . FOIA."); *Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 232 (D.D.C. 2008) ("[T]he Administrative Office of the United States Courts is an arm of the federal courts and therefore is not subject to FOIA . . . .").

Here, Martinez does not disclaim the allegation in his initial complaint that he submitted a FOIA request to the AOUSC; rather, he readily admits that he "intentionally omitted" this detail from his amended complaint to "circumvent" the reasoning used by the district court in its original dismissal order. Because the AOUSC is not required to respond to FOIA requests, Martinez cannot show that his right to the issuance of a writ of mandamus is "clear and indisputable." *See Hollingsworth*, 558 U.S. at 190. Therefore, the amended complaint fails to state a claim, even when liberally construed. *See Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021).

AFFIRMED.