# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 28, 2025

Lyle W. Cayce
Clerk

No. 24-30303
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Dwight Alexander,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CR-197-1

———————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Dwight Alexander appeals the district court's denial of his motion pursuant to the Freedom of Information and Privacy Act (FOIA) requesting grand jury records related to his 2019 convictions. We must consider whether we have jurisdiction to review the merits of an appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Federal courts lack authority to

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30303

adjudicate claims in the absence of jurisdiction conferred by Congress and the Constitution. *United States v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008). "If the district court lacked jurisdiction," we lack jurisdiction to consider the merits of the appeal and only have jurisdiction to correct "the error of the lower court in entertaining the suit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (internal quotation marks and citation omitted).

The provisions of FOIA impose no obligation on federal courts to produce any records in their possession and do not confer jurisdiction on the district court in this case. *See* 5 U.S.C. §§ 551(1)(B), 552(a)(4)(B); *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *Warth v. Dep't of Just.*, 595 F.2d 521, 522–23 (9th Cir. 1979) ("Courts are exempt from . . . FOIA's disclosure requirements," and because "a trial transcript is a court document" it is "not obtainable pursuant to . . . FOIA."). Therefore, the district court lacked jurisdiction over Alexander's motion, and we only have jurisdiction over this appeal to correct the district court's error in entertaining the motion. *See Key*, 205 F.3d at 774–75.

Accordingly, we VACATE the district court's order, and this appeal is DISMISSED for lack of jurisdiction.